# STATE OF MICHIGAN

# COURT OF APPEALS

In re HOLBROOK/STEVENS, Minors.

UNPUBLISHED
January 29, 2015

No. 319957
Jackson Circuit Court
Family Division
LC No. 13-000269-NA

Before: MURRAY, P.J., and DONOFRIO and BORRELLO, JJ.

PER CURIAM.

Respondent mother appeals as of right the trial court orders terminating her parental rights to the minor children under MCL 712A.19b(3)(b)(*i*), (b)(*ii*), (g), and (j). For the reasons set forth in this opinion, we affirm.

Respondent argues that the trial court erred in finding statutory grounds for termination. To terminate parental rights, a trial court must find the existence of a statutory ground for termination and MCL 712A.19b has been met by clear and convincing evidence. *In re McIntyre*, 192 Mich App 47, 50; 480 NW2d 293 (1991). Only one statutory ground for termination must be established. *In re Trejo Minors*, 462 Mich 341, 360; 612 NW2d 407 (2000). A trial court's finding that a ground for termination has been established is reviewed under the clearly erroneous standard. MCR 3.977(K); *Trejo Minors*, 462 Mich at 356-357. A finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake has been made. *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010).

Regarding MCL 712A.19b(3)(b)(*ii*), there was ample evidence that respondent had opportunities to prevent sexual abuse of the minor children and that she failed to do so by repeatedly allowing the minor children to be exposed to and abused by three different men. Also, the evidence supported that there was a reasonable likelihood that the minor children would suffer abuse in the foreseeable future if placed with respondent. The psychologist who performed respondent's psychological evaluation testified that he believed that respondent would "not ever" be able to provide the minor children with a safe and nurturing environment. That testimony was supported by evidence that respondent had been emotionally dependent on her abusive husband and that she remained so at the time of the termination hearing. Further, another psychologist involved in this case testified that it was possible that if respondent divorced her husband, respondent's dependency would drive her into another abusive relationship. The trial court's finding of a statutory ground for termination under MCL

712A.19b(3)(b)(*ii*) was not clearly erroneous. MCR 3.977(K); *Trejo Minors*, 462 Mich at 356-357 (review is for clear error).[1]

Respondent also argues that the trial court erred when it found that termination of respondent's parental rights was in the minor child's best interests. A trial court's finding regarding the children's best interests is reviewed under the clearly erroneous standard. MCR 3.977(K); *Trejo Minors*, 462 Mich at 356-357.

After a trial court has established a statutory ground for termination by clear and convincing evidence, the trial court shall order termination of parental rights if it finds by a preponderance of the evidence "that termination of parental rights is in the child's best interests[.]" MCL 712A.19b(5); see *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). Here, the trial court found that termination was in the minor children's best interests because the minor children were entitled to a home with love and because the minor children needed a home with a healing environment, which respondent could not provide. In reaching that conclusion, the trial court properly considered respondent's history of failing to protect the minor children from sexual abuse and respondent's abusive relationship. See *In re Jones*, 286 Mich App 126, 131; 777 NW2d 728 (2009); *In re AH*, 245 Mich App 77, 89; 627 NW2d 33 (2001). The trial court did not clearly err in finding that termination of respondent's parental rights was in the minor children's best interests. MCR 3.977(K); *Trejo Minors*, 462 Mich at 356-357 (review is for clear error).

Affirmed.

/s/ Christopher M. Murray
/s/ Pat M. Donofrio
/s/ Stephen L. Borrello

---

[1] Because only one statutory ground for termination must be established, we decline to address the remaining statutory grounds for termination. *Trejo Minors*, 462 Mich at 360.