# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* A S MANNINA, Minor.

UNPUBLISHED
April 23, 2015

No. 323140
Macomb Circuit Court
Family Division
LC No. 2012-000276-NA

Before: BECKERING, P.J., and CAVANAGH and SAAD, JJ.

PER CURIAM.

Respondent father appeals as of right an order terminating his parental rights to the minor child pursuant to MCL 712A.19b(3)(c)(*i*), (g), and (j). We affirm.

In July 2012 the court authorized the initial petition involving this child, which stated that the child's mother had recently died under circumstances suggesting a heroin overdose. The petition further alleged that respondent had a history of heroin abuse, was on probation for a drug offense, and had recently tested positive for opiates. The petition also alleged that respondent admitted a mental health issue, past psychiatric hospitalizations, and being currently unable to care for the child on his own. Respondent entered a no contest plea to an amended petition and the court assumed jurisdiction over the minor child.

At disposition, the court adopted a Parent-Agency Agreement requiring respondent father to participate in various services and visit his child. During the next several months, respondent had several psychiatric hospital admissions. He was then incarcerated in the county jail for 10 months on an assault charge, after which he was again admitted to a psychiatric hospital. Upon his release, respondent began counseling services. In February 2014, the court authorized a supplemental petition seeking termination of respondent's parental rights to the minor child. After a hearing, the court entered an order terminating respondent's parental rights.

Respondent first argues that he was denied the effective assistance of counsel at the preliminary hearing and the pretrial. We disagree. This Court's review of unpreserved claims of ineffective assistance of counsel is limited to errors apparent on the record. *People v Johnson*, 293 Mich App 79, 90; 808 NW2d 815 (2011). To prevail on his claim of ineffective assistance of counsel, respondent father must show that counsel's performance was objectively unreasonable in light of prevailing professional norms, and he was prejudiced by this deficient performance. *People v Walker*, 497 Mich 894, 895; 855 NW2d 744 (2014). To establish prejudice, respondent must show that there is a reasonable probability that, but for counsel's

-1-

unprofessional errors, the result would have been different. *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001).

Respondent first contends that counsel was ineffective at the preliminary hearing because he failed to adequately question the Children's Protective Services (CPS) worker, or otherwise raise any other challenges, regarding whether the legal requirements for removing a child contained in MCR 3.963(B) were satisfied. However, counsel's questioning and arguments did address the issue of harm to the child. Counsel asked the CPS worker why respondent's home was dangerous and whether respondent had anything to do with the situation involving the mother. Counsel elicited the fact that respondent submitted a negative drug screen shortly after the mother's death. He argued that respondent did not have a drug problem and had a support network. Counsel also emphasized that the child had not ever suffered any harm in his care. Although counsel did not address reasonable efforts or alternative remedies, the record does not show there was any basis to challenge the worker's testimony on these points.

Moreover, respondent has not established there is a reasonable probability that, but for counsel's alleged errors, the result of the proceedings would have been different. The court authorized the petition and continued the child's placement out of the home. The court may authorize the petition upon a showing of probable cause that the allegations of the petition are true and fall with MCL 712A.2(b).[1] Once the petition is authorized, the court must decide whether the child should remain in the home, return home, or be placed in foster care pending adjudication. MCR 3.965(B)(11).

Here, the testimony established that the mother died in the home under circumstances that suggested heroin use and that respondent had a history of heroin abuse, was currently on probation for a drug offense, violated his probation recently by testing positive for drugs, had mental health issues, and admitted he could not care for his child on his own. All of this provided probable cause that the allegations were true and fell within MCL 712A.2(b). The same evidence also justified the court's decision to continue the child's placement out of the home.

Respondent also claims that counsel was ineffective at the August 2012 pretrial because respondent entered a plea despite the court's lack of compliance with MCR 3.971. Contrary to his claim, the court adequately satisfied itself that respondent's plea was voluntary, as required by MCR 3.971(C)(1). Moreover, the court made adequate findings of fact in support of its decision because it relied on the petition allegations, which clearly justified exercising jurisdiction under MCL 712A.2(b)(1) and (2). Although the court failed to advise respondent that his plea could be later used as evidence in a proceeding to terminate his parental rights, as required by MCR 3.971(B)(4), respondent has not established any prejudice from that. Respondent claims he was prejudiced because he would not have entered a plea had this advice been given, and he would have prevailed at a trial. However, respondent makes no claim that the

---

[1] MCL 712A.2(b) is the statutory provision governing jurisdiction. Pursuant to that provision, the court has jurisdiction where a parent fails to provide proper care for the child or whose home was unfit for the child to live in.

various allegations in the amended petition were untrue, and the record does not indicate there were any viable challenges to the petition allegations, which clearly justified the court's jurisdiction over the child. Given these circumstances, respondent has not established a reasonable probability of a different outcome had he gone to trial. Respondent also suggests that counsel erred in failing to offer a reason for the plea, but there is no such requirement in the court rule and, in any event, this situation did not prejudice respondent. Respondent also has not established how he was prejudiced from counsel's failure to object when the DHS worker requested a change in visitation terms, given that the court denied that request.

For all the foregoing reasons, respondent has not established his claim of ineffective assistance of counsel. For similar reasons, we reject respondent's claim that reversal is required because of the court's alleged violation of MCR 3.971. As noted, the court complied with MCR 3.971(C)(1) and also indicated it was relying on the petition allegations, and those allegations fully justified the exercise of jurisdiction under MCL 712A.2(b)(1) and (2). Although the court failed to inform respondent that his plea could be later used as evidence in a proceeding to terminate his parental rights, as required by MCR 3.971(B)(4), respondent has not shown he was prejudiced by this failure. Even had he opted for a trial, the same end result was likely given the evidence. While the court failed to state why a plea of no contest was appropriate, as required by MCR 3.971(C)(2), respondent again suffered no prejudice. As such, respondent has not established any plain error affecting his substantial rights. See *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

Respondent also challenges the trial court's finding of statutory grounds to terminate his parental rights. To terminate parental rights, the trial court must find that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met by clear and convincing evidence. *In re McIntyre*, 192 Mich App 47, 50; 480 NW2d 293 (1991). Only one statutory ground need be established to support termination of respondent's parental rights. *In re Foster*, 285 Mich App 630, 633; 776 NW2d 415 (2009). Once the petitioner has established a statutory ground for termination by clear and convincing evidence, the trial court shall order termination of parental rights if the court also finds that termination of parental rights is in the best interests of the child. MCL 712A.19b(5). Whether termination of parental rights is in the best interests of the child must be proven by a preponderance of the evidence. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). The trial court's decision is reviewed for clear error. *In re Trejo*, 462 Mich 341, 356-357; 612 NW2d 407 (2000).

Respondent's parental rights were terminated pursuant to MCL 712A.19b(3)(c)(*i*), (g), and (j), which permit termination under the following circumstances:

> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

> (*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

* * *

(g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

* * *

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

Respondent's mental health was a concern at the adjudication and continued to be at the termination hearing. Respondent had been diagnosed with various disorders (antisocial personality disorder, anxiety disorder, bipolar disorder, and mood disorder) and had several psychiatric hospitalizations while this case was pending, the last one as recently as December 2013. Respondent was noted to be "clinically psychotic" at his latest admission. Respondent displayed odd behavior throughout the case, such as exposing himself to a case worker, making strange comments to workers, eliciting fear in others with his conduct, and playing in a sadistic fashion during visits with his child. The foster care worker and anger management counselor both opined that respondent had not fully addressed his mental health issues. This evidence supports the trial court's finding that respondent had not resolved his mental health concerns. Moreover, the evidence also established that respondent lacked the skills necessary to parent his child and did not recognize his deficiencies in this area. Workers believed that there was a risk of harm to the child if returned to respondent's care. Given these circumstances, the trial court did not clearly err in terminating respondent's parental rights.

The court also did not clearly err in its best-interest determination. In deciding a child's best interests, a court may consider the child's bond to his parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the suitability of alternative homes. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014); *In re Olive/Metts*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012). The court should weigh all the evidence available to determine the child's best interests. *White*, 303 Mich App at 713. Here, the evidence established that respondent was not bonded with his child, had mental health concerns, and lacked parenting skills. The child was doing well in placement, was thriving, and was bonded with her foster parent. A preponderance of the evidence established that termination of respondent's parental rights was in the child's best interests. See *Moss*, 301 Mich App at 90. Therefore, the trial court did not clearly err in terminating respondent's parental rights.

Affirmed.

/s/ Jane M. Beckering
/s/ Mark J. Cavanagh
/s/ Henry William Saad

-4-