*In re* VERNIA

*Docket No. 109308. Submitted December 22, 1988, at Detroit. Decided March 15, 1989.*

The Department of Social Services petitioned the Calhoun County Probate Court for an order terminating the parental rights of Vianna Hall in Dawn Michelle Vernia. The court, John M. Brundage, J., granted the petition, finding respondent unfit as a parent on the basis of her convictions for arson, attempted manslaughter and attempted murder, for which last offense respondent was sentenced to ten to twenty years of imprisonment, and that respondent is unable to provide a fit home for her child by reason of neglect. Respondent appealed.

The Court of Appeals *held:*

1. Clear and convincing evidence was presented by petitioner in support of the termination of respondent's parental rights on the statutory grounds relied upon by the probate court.

2. The probate court did not err in determining that termination of respondent's parental rights was in the best interests of the child.

Affirmed.

1. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — BURDEN OF PROOF.

A trial court, in order to terminate a party's parental rights, must find that at least one of the statutory grounds for termination of parental rights has been met by clear and convincing evidence; the state bears the burden of proving by clear and convincing evidence that termination is warranted (MCL 712A.19a; MSA 27.3178[598.19a]).

2. PARENT AND CHILD — TERMINATION OF PARENTAL RIGHTS — BEST INTERESTS OF CHILD.

Once grounds for termination of parental rights have been established by clear and convincing evidence, the trial court then

REFERENCES

Am Jur 2d, Parent and Child §§ 7, 34, 35.
Validity of state statute providing for termination of parental rights. 22 ALR4th 774.

considers the best interests of the child in exercising its discretionary power.

*Conrad J. Sindt,* Prosecuting Attorney, and *Roger L. Caswell,* Assistant Prosecuting Attorney, for petitioner.

*Holmes, Mumford, Schubel, Norlander & MacFarlane* (by *Jeffrey A. Schubel*), Guardian Ad Litem, for the minor child.

*Eusebio Solis, Jr.,* for respondent.

Before: MacKenzie, P.J., and Cynar and M. E. Kobza,* JJ.

Per Curiam. Respondent, Vianna Hall, appeals as of right from the trial court's April 28, 1988, order terminating her parental rights in her daughter, Dawn Michelle Vernia, pursuant to MCL 712A.19a(d) and (e); MSA 27.3178(598.19a)(d) and (e). We affirm.

Respondent first argues that the trial court did not establish by clear and convincing evidence that termination of her parental rights was warranted on the basis of neglect. Respondent maintains that her conduct was not sufficiently blameworthy to constitute neglect within the meaning of MCL 712A.19a(e); MSA 27.3178(598.19a)(e).

MCL 712A.19a; MSA 27.3178(598.19a) provides in relevant part:

> Where a child remains in foster care in the temporary custody of the court following the initial hearing provided by section 19, the court may make a final determination and order placing the child in the permanent custody of the court, if it finds any of the following:

* Circuit judge, sitting on the Court of Appeals by assignment.

*    *    *

(d) A parent or guardian of the child is convicted of a felony of a nature as to prove the unfitness of the parent or guardian to have future custody of the child or if the parent or guardian is imprisoned for such a period that the child will be deprived of a normal home for a period of more than 2 years.

(e) The parent or guardian is unable to provide a fit home for the child by reason of neglect.

In order to terminate parental rights, the trial court must find that at least one of the statutory grounds in MCL 712A.19a; MSA 27.3178(598.19a) has been met by clear and convincing evidence. *In re Springer,* 172 Mich App 466, 473; 432 NW2d 342 (1988). The state bears the burden of proving by clear and convincing evidence that termination of parental rights is warranted. *Id.*

In this case, respondent contends that petitioner did not present clear and convincing evidence that her conduct was sufficiently blameworthy to constitute neglect within the meaning of MCL 712A.19a(e); MSA 27.3178(598.19a)(e). However, respondent concedes that the statutory grounds for termination of her parental rights have been met pursuant to MCL 712A.19a(d); MSA 27.3178(598.19a)(d). In fact, respondent was convicted of arson, attempted manslaughter, and attempted murder and was sentenced to ten to twenty years in prison on the latter offense. Thus, since statutory grounds for termination were sufficiently shown under § 19a(d), it is not necessary for us to consider whether respondent's conduct constitutes neglect under § 19a(e). Nevertheless, based upon our review of the record, we find that there was also clear and convincing evidence to support termination on the basis of neglect.

Respondent next argues that the trial court

erred in finding that termination of her parental rights was in the child's best interest. We disagree.

Once grounds for terminating parental rights have been established by clear and convincing evidence, the trial court considers the best interests of the child. *In re Parshall,* 159 Mich App 683, 689-690; 406 NW2d 913 (1987), lv den 428 Mich 909 (1987). In the exercise of its discretionary power, the best interests of the child are to be considered by the probate court. *In re Schejbal,* 131 Mich App 833, 836; 346 NW2d 597 (1984).

Based upon our review of the record in this case, we find that the probate court properly found that statutory grounds for termination of parental rights were established by clear and convincing evidence and that the termination was in the best interests of the child. Thus, we find no error or abuse of discretion.

Affirmed.