*In re* McINTYRE

Docket No. 135983. Submitted October 14, 1991, at Lansing. Decided
    November 19, 1991, at 9:10 A.M.

The Department of Social Services petitioned the Wayne County
    Probate Court for termination of Stephanie S. McIntyre's pa-
    rental rights in two minor children who earlier had been made
    temporary wards of the court because of the respondent's
    inability to provide them with proper care or custody while she
    was imprisoned. The court, Frances Pitts, J., granted the peti-
    tion and directed the department to place the children in the
    Michigan Children's Institute in preparation for eventual adop-
    tion. In granting the petition, the court denied a request by the
    respondent for continuation of temporary wardship and place-
    ment of the children with her uncle. The respondent appealed.

The Court of Appeals *held:*

A probate court's findings of fact with respect to the exis-
    tence of statutory grounds for the termination of parental
    rights in a given case are reviewed on appeal for clear error,
    but its ultimate decision whether to terminate the rights is
    reviewed for an abuse of discretion. In this case, the probate
    court did not clearly err in finding that the conditions that led
    to the children's temporary wardship continued to exist and
    were unlikely to be rectified within a reasonable time and that
    the respondent failed to provide proper care or custody for the
    children and was unlikely to do so within a reasonable time
    considering the children's ages. In light of its findings, the
    probate court also did not abuse its discretion in terminating
    the respondent's parental rights and in refusing to place the
    children with the respondent's uncle.

Affirmed.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Max Simon,* Assistant Attorney General, for the petitioner.

*J. D. Mullins,* for the respondent.

Before: REILLY, P.J., and WEAVER and McDONALD, JJ.

Per Curiam. Respondent appeals as of right from a Wayne County Probate Court order terminating her parental rights in Stephanie Lee McIntyre and Edward Jesus McIntyre pursuant to MCL 712A.19b(3)(c)(i) and (d); MSA 27.3178(598.19b)(3)(c) (i) and (d). We affirm.

Stephanie, born on December 29, 1985, was adjudicated a temporary ward of the court and placed in foster care on June 29, 1987, on the basis of evidence that her father was deceased and that respondent, admitted that she had been previously convicted of second-degree criminal sexual conduct, had served her sentence for that conviction, and had been paroled, but that she was, at the time of the adjudication, incarcerated at the Huron Valley Women's Facility serving a one-year sentence for parole violations. Respondent also admitted to cocaine and marijuana use.

Respondent's newborn son, Edward, born on August 3, 1987, was also adjudicated a temporary ward of the court on November 6, 1987, on the basis of evidence that respondent was incarcerated and unable to care for him. It was acknowledged on the record that no relatives were willing to care for the children.

Although respondent was paroled again in March 1989, she was incarcerated again for parole violations on August 2, 1989. Between periods of incarceration, respondent visited her children only once in March and twice in April. Also early in 1989, Edward's father was convicted of second-degree murder and was sentenced to twenty-five to fifty years of imprisonment. At the statutory rehearing on August 9, 1989, the trial court was informed that respondent's uncle, Norman McIntyre, had come forward requesting an opportunity to care for the children.

A petition for permanent custody was filed on

November 22, 1989. At the termination hearing, held on May 17, 1990, a foster-care worker for the Department of Social Services testified that the respondent would not be considered for parole until November 1990. The worker had investigated the possibility of placement with respondent's uncle, but recommended against it. Although she acknowledged that the uncle had complied with most of the requirements imposed by the DSS, the foster-care worker was concerned about placement with the uncle because he did not become involved until two years after the children had been made temporary wards, he changed jobs frequently, he was never married and had never cared for children before, and Stephanie would, at times, return to the foster home visibly upset after a visit with him. In her opinion, placement with the uncle would not be in the best interests of the children.

Respondent testified that she was currently incarcerated for parole violations including "dirty urines" and "associations" with a convicted felon. She admitted that she was currently unable to provide for the children and requested that they be placed with her uncle. Edward's father concurred in that request. Norman McIntyre testified that he was willing to care for the children.

The probate court terminated the parental rights of both parents and ordered that the children be committed to the DSS and admitted to the Michigan Children's Institute in preparation for adoption. The court refused to continue the temporary wardship by placing the children with their great-uncle because it concluded that the children needed a permanent home. The court noted that Norman McIntyre could be considered as an adoptive parent by the institute.

Respondent does not contest the court's findings with respect to her ability to care for her children.

Rather, she argues that, because she presented a plan for the care and custody of the children by her uncle, the petitioner failed to show by clear and convincing evidence that a statutory basis for termination exists. We disagree.

In order to terminate parental rights, the trial court must find that at least one of the statutory grounds of MCL 712A.19b; MSA 27.3178(598.19b), formerly MCL 712A.19a; MSA 27.3178(598.19a), has been met by clear and convincing evidence. MCR 5.974(A)(2); *In re Vernia,* 178 Mich App 280, 282; 443 NW2d 404 (1989); *In re Springer,* 172 Mich App 466, 473; 432 NW2d 342 (1988). This Court reviews the probate court's findings of fact under the clearly erroneous standard. *In re Miller,* 182 Mich App 70; 451 NW2d 576 (1990). Once the probate court finds statutory grounds for termination by clear and convincing evidence, the decision whether to terminate is within the court's discretion, and the best interests of the children are to be considered. MCL 712A.19b(3); MSA 27.3178(598.19b)(3); formerly MCL 712A.19a; MSA 27.3178(598.19a); *In re Miller, supra* at 84; *In re Schejbal,* 131 Mich App 833, 836; 346 NW2d 597 (1984). Therefore, because the ultimate decision whether to terminate parental rights is discretionary, it is reviewed for an abuse of discretion. *In re Miller, supra* at 84.

Respondent's parental rights were terminated pursuant to MCL 712A.19b(3)(c)(i) and (d); MSA 27.3178(598.19b)(3)(c)(i) and (d), which at the time the petition was filed on November 22, 1989, provided:

> (3) The court may terminate the parental rights of a parent to a child if the court finds, by clear and convincing evidence, 1 or more of the following:

* * *

(c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds . . . the following:

(i) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the age of the child.

* * *

(d) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the age of the child.

We agree with the trial court that the evidence presented at the permanent custody hearing was sufficient to permit the trial court to find that statutory bases for termination were established under §§ (3)(c)(i) and (3)(d).

First, the evidence shows that the condition that led to the initial adjudication in this matter, respondent's incarceration, continued to exist and there was no reasonable likelihood that that condition could be rectified within a reasonable time.

Second, the undisputed evidence showed that Stephanie and Edward were adjudicated temporary wards of the court because of respondent's incarceration. The children were temporary wards for approximately three years and, at the time of the permanent custody hearing, respondent was again incarcerated and unable to care for them. This evidence was sufficient for the trial court to find that respondent, without regard to intent, failed to provide proper care or custody for the children and would be unable to do so within a reasonable time.

However, respondent argues that because she offered a relative, Norman McIntyre, who was willing to care for the children, the trial court improperly terminated her parental rights. Respondent's argument is without merit. If a child is removed from the control of his parents, the child shall be placed in care as nearly as possible equivalent to the care that should have been given to the child by his parents. MCL 712A.1(2); MSA 27.3178(598.1)(2). The language of the statute does not require that the court place a child with relatives. If it is in the best interests of the child, the trial court may properly terminate parental rights instead of placing the child with relatives.

We note that several panels of this Court have reviewed a refusal to place children with relatives under a clearly erroneous standard. See *In re Futch,* 144 Mich App 163, 170; 375 NW2d 375 (1984); *In re Brown,* 139 Mich App 17, 20; 360 NW2d 327 (1984). While we agree that any findings of fact upon which a termination is based must be reviewed under that standard, the ultimate dispositional determination whether to terminate is discretionary and will not be reversed absent an abuse of discretion. *In re Miller, supra* at 84.

Having found the statutory bases for termination, the trial court evaluated the options available, including placement with Mr. McIntyre while continuing the temporary wardship of the children. The trial court determined that, although respondent's uncle had made considerable effort to plan for the children, permanent custody was in the best interest of the children because of the lengthy period of the temporary wardship, the concerns expressed by the DSS foster-care worker, and the children's need for permanency.

We are convinced that the petitioner presented

clear and convincing evidence establishing statutory grounds for the termination of respondent's parental rights. Moreover, we are satisfied that the trial court properly considered the best interests of the children in deciding to terminate parental rights rather than continue temporary wardship and allow the children to be placed with Mr. McIntyre. This dispositional ruling was a reasonable choice supported by the evidence and did not constitute an abuse of discretion.

Affirmed.