# STATE OF MICHIGAN

# COURT OF APPEALS

In re TANNER, Minors.

UNPUBLISHED
August 13, 2015

No. 325957
Kent Circuit Court
Family Division
LC Nos. 12-052946-NA
14-050399-NA

Before: TALBOT, C.J., and K. F. KELLY and SERVITTO, JJ.

PER CURIAM.

Respondent father appeals as of right the trial court order terminating his parental rights to the minor children under MCL 712A.19b(3)(c)(*i*) (conditions that led to the adjudication continue to exist), (g) (failure to provide proper care and custody), and (j) (children will be harmed if returned to parent). We affirm.

Respondent argues that the trial court erred in finding statutory grounds for termination. To terminate parental rights, a trial court must find the existence of a statutory ground for termination in MCL 712A.19b has been met by clear and convincing evidence. *In re McIntyre*, 192 Mich App 47, 50; 480 NW2d 293 (1991). A trial court's factual findings in terminating parental rights are reviewed for clear error. MCR 3.977(K); *In re Trejo Minors*, 462 Mich 341, 356-357; 612 NW2d 407 (2000).

In regard to MCL 712A.19b(3)(g), there was evidence that at the time of the termination hearing respondent continued to struggle with substance abuse and domestic violence, and that respondent was facing eviction. Additionally, there was evidence that an issue regarding respondent's parenting remained because respondent failed to consistently attend parenting times when the oldest child was placed with respondent's mother. A trial court may rely on a respondent's history of failing to provide care and custody in finding that there was no reasonable expectation that the respondent would be able to provide proper care and custody within a reasonable time. *In re Archer*, 277 Mich App 71, 75-76; 744 NW2d 1 (2007). The trial court did not clearly err in finding a statutory ground for termination under MCL 712A.19b(3)(g). MCR 3.977(K); *Trejo Minors*, 462 Mich at 356-357 (review is for clear error). Because only one statutory ground for termination must be established, we do not address the remaining statutory grounds. *Trejo Minors*, 462 Mich at 360. Further, while not raised by respondent, we conclude that the trial court did not clearly err in finding that termination of

-1-

respondent's parental rights was in the minor children's best interests. MCR 3.977(K); *Trejo Minors*, 462 Mich at 356-357.

Respondent also raises an ineffective assistance of counsel claim. However, respondent effectively abandons this claim because he does not provide any legal authority for his argument that his trial counsel's performance fell below an objective standard of reasonableness. *Houghton v Keller*, 256 Mich App 336, 339-340; 662 NW2d 854 (2003). Respondent simply conclusively states that an attorney who fails to object to a termination based on a petition filed prior to the parent becoming a respondent is "clearly ineffective." Respondent also fails to provide an explanation or evidence of how he was prejudiced by his counsel's performance. Respondent thus does not demonstrate ineffective assistance of counsel. *In re CR*, 250 Mich App 185, 198; 646 NW2d 506 (2002), overruled on other grounds by *In re Sanders*, 495 Mich 394, 401; 852 NW2d 524 (2014) (holding that to prevail on a claim of ineffective assistance of counsel, a respondent must show that his trial counsel's performance fell below an objective standard of reasonableness and that counsel's representation so prejudiced the respondent that it denied him a fair trial).

Affirmed.

/s/ Michael J. Talbot
/s/ Kirsten Frank Kelly
/s/ Deborah A. Servitto