# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* HOFFMAN, Minors.

UNPUBLISHED
August 18, 2015

No. 325751
Montcalm Circuit Court
Family Division
LC No. 2013-000628-NA

Before: TALBOT, C.J., and K. F. KELLY and SERVITTO, JJ.

PER CURIAM.

Respondent mother appeals as of right the January 14, 2015, order terminating her parental rights to the minor children under MCL 712A.19b(3)(c)(*i*) (conditions that led to the adjudication continue to exist), (c)(*ii*) (other conditions to cause the child to come within the court's jurisdiction continue to exist), and (j) (children will be harmed if returned to parent). We affirm.

Respondent first argues that the trial court erred in finding statutory grounds for the termination of her parental rights. To terminate parental rights, a trial court must find the existence of a statutory ground for termination in MCL 712A.19b has been met by clear and convincing evidence. *In re McIntyre*, 192 Mich App 47, 50; 480 NW2d 293 (1991). Only one statutory ground for termination must be established. *In re Trejo Minors*, 462 Mich 341, 360; 612 NW2d 407 (2000). A trial court's factual findings in terminating parental rights, including a finding that a ground for termination has been established, are reviewed for clear error. MCR 3.977(K); *Trejo Minors*, 462 Mich at 356-357. A finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake has been made. *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010).

The trial court found statutory grounds for terminating respondent's parental rights under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), and (j), which provide:

> The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:
>
> * * *
>
> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

-1-

(*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

(*ii*) Other conditions exist that cause the child to come within the court's jurisdiction, the parent has received recommendations to rectify those conditions, the conditions have not been rectified by the parent after the parent has received notice and a hearing and has been given a reasonable opportunity to rectify the conditions, and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

* * *

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

Respondent's children were removed from her care on August 28, 2013, due to allegations that respondent and the children's father had a history of substance abuse and improper supervision, a domestic violence incident was reported in the home in August 2013, respondent's six-year-old child tested positive for cocaine on August 28, 2013, CPS had been involved with the family in 2012 and 2013, and prior referrals for counseling and substance abuse meetings had not been followed by either parent. After respondent admitted to some of the allegations in the petition and the trial court obtained jurisdiction over the children, a parent agency agreement was put into place. Respondent underwent a psychological evaluation and substance abuse assessment and was required to attend substance abuse and individual counseling, attend parenting classes, and obtain and maintain proper housing, among other things.

At the termination hearing, the trial court indicated that substance abuse, domestic violence, parenting skills, and housing were conditions under MCL 712A.19b(3)(c) that respondent failed to rectify. The trial court found a statutory ground for termination under MCL 712A.19b(3)(j) based on the same conditions.

Regarding respondent's substance abuse, the trial court found that respondent made progress regarding her substance abuse, but that the condition was still "unresolved." In support of that finding, the trial court cited respondent's positive drug tests during the proceeding and the incidents when respondent was intoxicated by alcohol. The trial court thus found that drug use was still occurring. Holly Wixon, respondent's therapist from October 2013 through the time of the January 2015 termination trial, did testify that she and respondent addressed respondent's relapses through counseling and she taught respondent how to handle her withdrawal symptoms. Wixon further testified that as of the time of the termination hearing, respondent continued to make progress regarding her substance abuse and that respondent's 10 months of sobriety regarding drugs before the termination hearing was a good indication of respondent's long-term sobriety.

However, Wixon testified to being a "limited license social worker" with a substance abuse certificate and the trial court would not qualify her as an expert witness in substance abuse and mental health counseling due to her not having a full license. That ruling has not been challenged on appeal. Thus, while Wixon could testify as to her interactions with respondent and her personal opinions, Wixon's testimony regarding prognosis cannot be credited as that of an expert.

Moreover, Wixon also testified that while respondent had good participation "there were some cancellations and no shows but we typically rescheduled them when we could." Wixon further testified that respondent was "very open and honest" with her but also testified that she was not made aware of an incident that took place in June 2014, where respondent and the children's father were found on state land by police, respondent was visibly intoxicated, had assaulted the children's father, and was homeless until later and was unsure if it was respondent that told her of the incident. Wixon also testified that respondent had indicated she had used cocaine on only one occasion when she was 32 years old. Prior testimony established, however, that respondent had tested positive for cocaine twice in July of 2013. Wixon further testified that she thought that the impaired driving incident for which respondent was arrested in July 2014 was a reckless driving incident where she drank alcohol. Wixon thereafter testified that the incidents concerned her that respondent may be abusing alcohol.

Respondent did make some progress with her marijuana and cocaine abuse. In the 64 attempted drug screens throughout the case, respondent took only 31 of the tests and only 12 of those came back negative for illegal substances, the vast majority towards the time of the termination hearing. Those tests do not, however, test for alcohol abuse. The trial court did not clearly err in finding clear and convincing evidence of a statutory ground for termination under MCL 712A.19b(3)(c)(*i*) based on respondent's substance abuse. MCR 3.977(K); *Trejo Minors*, 462 Mich at 356-357.

Regarding respondent's struggles with domestic violence, the trial court found that respondent continued to have contact with the minor children's father despite the existence of a court order preventing contact between them and that respondent failed to complete her domestic violence counseling. Here, there was evidence that in early 2014, the minor children's father harmed respondent by throwing a telephone at her face. On April 22, 2014, the trial court ordered that respondent have no contact with the minor children's father. Nevertheless, there was testimony that respondent had contact with him on June 14, 2014, June 25, 2014, July 30, 2014, and on another occasion after September 24, 2014. Respondent petitioned for a PPO against the minor children's father on September 24, 2014, yet still had contact with him on at least one occasion thereafter. Moreover, while respondent had been discussing and addressing the domestic violence issue with various counselors throughout the proceedings, she had yet to complete any domestic violence counseling program at the time of the termination hearing. The trial court did not err in finding that respondent's domestic relations were a barrier to her ability to provide proper care and custody at the time of the termination hearing, or, alternatively, that respondent would not rectify that barrier within a reasonable time. See *JK*, 468 Mich at 214. Thus, the trial court did not clearly err in finding clear and convincing evidence of a statutory ground for termination under MCL 712A.19b(3)(c)(*i*) based on respondent's history of struggling with her domestic relations. MCR 3.977(K); *Trejo Minors*, 462 Mich at 356-357.

In regard to respondent's parenting skills, the trial court found that there was evidence that respondent had adequate parenting skills and that she displayed those skills with her children. Nevertheless, the trial court found that the barrier to reunification regarding respondent's parenting skill was not rectified because respondent continued to "jeopardize that parenting relationship with drug abuse and domestic violence." As discussed above, there was strong evidence that respondent's issue with domestic violence still existed at the time of the termination hearing, and/or that there was a reasonable likelihood that any lingering issues respondent continued to have with domestic violence and substance abuse would not be rectified within a reasonable amount of time. On this record, we find that the trial court did not clearly err in finding clear and convincing evidence of a statutory ground for termination under MCL 712A.19b(3)(c)(*i*) based on respondent's parenting. MCR 3.977(K).

Regarding the trial court's findings under MCL 712A.19b(3)(j), for the reasons discussed above, the trial court did not clearly err in finding that there was clear and convincing evidence of a reasonable likelihood of harm to the minor children if they were returned to respondent under MCL 712A.19b(3)(j) because of her substance abuse, domestic violence, and parenting. MCR 3.977(K); *Trejo Minors*, 462 Mich at 356-357. Based on the above and the circumstances in this case including the fact that respondent has been offered and received services for these children since 2012 which have been unsuccessful, the trial court also correctly found that termination was in the best interests of the children.

Respondent contends that due process issues were not properly observed in this case, indicating that termination was requested despite her service providers' beliefs that respondent complied with and benefitted from services. First, respondent offers no analysis or legal support for her argument, thus abandoning it. See, e.g. *Berger v Berger*, 277 Mich App 700, 715; 747 NW2d 336 (2008)("Where a party fails to cite any supporting legal authority for its position, the issue is deemed abandoned."). Second, as indicated above when discussing Wixon's testimony, whether respondent's service provider's opinions were based upon a mistaken belief in respondent's forthrightness and honesty has been called into question.

Affirmed.

/s/ Michael J. Talbot
/s/ Kirsten Frank Kelly
/s/ Deborah A. Servitto