# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* ROBINSON/LOWELL, Minors.

UNPUBLISHED
October 27, 2015

No. 326183
Kent Circuit Court
Family Division
LC No. 13-051900-NA;
        13-051901-NA;
        13-051902-NA

Before: TALBOT, C.J., and BECKERING and GADOLA, JJ.

PER CURIAM.

Respondent mother appeals as of right the order terminating her parental rights to the minor children under MCL 712A.19b(3)(a)(*ii*) (child deserted for 91 or more days), (c)(*ii*) (conditions that led to the adjudication continue to exist), (g) (failure to provide proper care and custody), and (j) (children will be harmed if returned to parent). We affirm.

On appeal, respondent argues that the trial court deprived her of parenting time, which denied her a fair opportunity to be reunified with her children. For that reason, respondent argues that the trial court clearly erred in finding statutory grounds for the termination of her parental rights. We disagree. Any argument that petitioner failed to provide respondent with adequate services or that she did not receive adequate parenting time can be traced to respondent's own actions and inactions. The children were initially left in respondent's care, but following a positive drug test, they were removed from her home in September 2013. Thereafter, respondent failed to comply with the court-ordered services plan, as she failed to participate—or provide proof of her participation—in various services for substance abuse counseling and domestic relationships counseling. Respondent last visited the children on approximately March 11, 2014. For over two months, respondent ceased attending parenting-time visits, stopped communicating with foster care workers, and provided no evidence of her whereabouts or activities. During this time, she admitted to relapsing and using "a little bit of everything." Respondent later explained her absence by telling a foster care worker that she did not want the children to see her while she was using drugs. Because of respondent's history of disappearing at times and not visiting the children, the foster care worker recommended suspending parenting time visits, opining that respondent's disappearance was difficult for the children to process. As a result, the trial court entered an order requiring that respondent only receive supervised parenting time with the children after she invested in the parent/agency treatment plan and after a period of negative drug screens.

In June 2014, the foster care worker discussed parenting-time visits with respondent and decided that respondent had to have two negative drug screens before parenting time would be re-established. Respondent was to have two random drug screens each month. Her June 3, 2014 drug screen revealed that she had used cocaine and opiates. Aside from this positive test, respondent failed to submit to subsequent drug screens in June 2014. She also failed to participate in the two random screens that were scheduled for July 2014.

On or about July 17, 2014, respondent entered a treatment facility. The facility tested respondent for drugs, but would not release the test results to the foster care worker. The facility also would not allow respondent to leave. In an effort to test respondent for drug use, the foster care worker visited respondent at the treatment facility and obtained a negative drug screen from her on or about August 14, 2014. Later in August, respondent left the treatment facility without completing the program. Shortly thereafter, petitioner filed a petition to terminate respondent's parental rights.[1]

Although petitioner has "a responsibility to expend reasonable efforts to provide services to secure reunification, there exists a commensurate responsibility on the part of respondents to participate in the services that are offered." *In re Frey*, 297 Mich App 242, 248; 824 NW2d 569 (2012). Here, the record demonstrates that respondent's parenting time was stopped only after she relapsed on drugs, stopped visiting the children for several months, thereby creating confusion with the children about why she stopped visiting, and that she failed to participate in services, despite having numerous opportunities to do so. The trial court was required to make determinations about the appropriateness of parenting time during the pendency of this case, see MCL 712A.19a(12), and on the record before us, we see no error in the trial court's determinations. Respondent's own actions were what led to the suspension of parenting time. And, given her actions, we reject any assertion by respondent that the trial court erred with regard to parenting time. See MCL 712A.19a(12); *In re Frey*, 297 Mich App at 248.

Additionally, although respondent does not expressly contest the trial court's finding that there were statutory grounds for termination of her parental rights, we hold that the trial court did not clearly err in so concluding. To terminate parental rights, a trial court must find the existence of a statutory ground for termination in MCL 712A.19b has been met by clear and convincing evidence. *In re McIntyre*, 192 Mich App 47, 50; 480 NW2d 293 (1991). We review for clear error a trial court's factual findings in terminating parental rights. MCR 3.977(K); *In re Trejo Minors*, 462 Mich 341, 356-357; 612 NW2d 407 (2000).

A trial court need only find that one statutory ground exists in order to terminate parental rights. *In re Trejo Minors*, 462 Mich at 360. Here, we find no clear error in the conclusion that grounds for termination existed under MCL 712A.19b(3)(g). In this regard, there was evidence respondent had a history of domestic relationship issues and substance abuse, and that she struggled with emotional stability. Respondent did not complete counseling that was designed to address her domestic relationship issues. Also, after years of struggling with drug abuse,

---

[1] Upon filing the petition to terminate parental rights, the trial court could suspend parenting time visits. See MCL 712A.19b(4); MCR 3.977(D).

respondent continued to test positive for drugs in the months before the termination hearing, did not stay in contact with her caseworker, nor did she make any attempt to appear for several random drug screens. She also disappeared for months at a time during the proceedings. "A parent's failure to participate in and benefit from a service plan is evidence that the parent will not be able to provide a child proper care and custody." *In re White*, 303 Mich App 701, 710; 846 NW2d 61 (2014). Additionally, a trial court may rely on a respondent's history of failing to provide care and custody in finding that there was no reasonable expectation that the respondent would be able to provide proper care and custody within a reasonable time. *In re Archer*, 277 Mich App 71, 75-76; 744 NW2d 1 (2007). Considering the ages of the children and the length of time they were in care, along with respondent's failure to demonstrate the ability to provide proper care and custody within a reasonable time, the trial court did not clearly err in finding a statutory ground for termination under MCL 712A.19b(3)(g). MCR 3.977(K); *In re Trejo Minors*, 462 Mich at 356-357. Because only one statutory ground for termination must be established, we do not address the remaining statutory grounds. *In re Trejo Minors*, 462 Mich at 360.

Respondent does not challenge the trial court's best interests determination. Nevertheless, we have reviewed the issue and find that, for many of the reasons noted above, the trial court did not clearly err in determining that termination of respondent's parental rights was in the children's best interests. "In deciding whether termination is in the child's best interests, the court may consider the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012) (citations omitted). As the trial court recognized, petitioner had been involved in the children's lives for years because of respondent's conduct. Respondent had a history of struggling with substance abuse, being involved in violent relationships, and struggling to maintain emotional stability. She was offered services, but often failed to participate in or complete those services. While she began to make some progress at one point, she thereafter experienced a significant relapse in March 2014 and disappeared for several months. Her disappearance, which was not her first such disappearance, was understandably difficult for the children. She cut off communication with foster care workers for a significant period of time and failed to follow through with random drug screening, including screening offered as recently as October 2014. In sum, the record was clear that, although respondent loved the children, she was not in a position to provide for their needs. The trial court did not clearly err in finding that termination of respondent's parental rights was in the minor children's best interests. MCR 3.977(K); *In re Trejo Minors*, 462 Mich at 356-357.

Affirmed.

/s/ Michael J. Talbot
/s/ Jane M. Beckering
/s/ Michael F. Gadola