# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* STEWART, Minors.

UNPUBLISHED
February 16, 2017

No. 334068
Muskegon Circuit Court
Family Division
LC No. 09-039026-NA

Before: MURPHY, P.J., and SAWYER and SWARTZLE, JJ.

PER CURIAM.

Respondent father appeals as of right the trial court order terminating his parental rights to the minor children under MCL 712A.19b(c)(*i*) (conditions of adjudication continue to exist), (g) (failure to provide proper care and custody), and (j) (children will be harmed if returned to parent). We affirm.

The trial court assumed jurisdiction over the minor children in September 2014. The petition alleged that VS was born positive for cocaine, methadone, and opiates, and that respondent parents were unable to care for the children due to substance abuse issues. The petition further alleged that respondents' ability to care for the children was inhibited by respondents' frequent incarcerations or periods of probation and parole due to retail fraud. At the time of the petition, mother was on probation for a conviction of misdemeanor retail fraud and father was on parole for a conviction of felony retail fraud. Respondents were ordered to comply with a treatment plan. The children were initially placed with father's relatives but, after those placements became inappropriate, the children were moved to two subsequent foster-care homes.

From September 2014 to January 2015, father attended a few counseling sessions and maintained employment, but he frequently failed to appear for random drug testing. From January 2015 to May 2015, father was incarcerated on a parole violation due to a January 7, 2015 positive drug screen for cocaine and morphine. Father was released in May 2015 and, subsequently, continued to fail to appear for drug testing. The trial court conditioned unsupervised parenting time on two to three consecutive clean drug screens, but father was never able to achieve this goal. In October 2015, father's parental visitations were suspended, as father had not appeared for a drug screen since August 2015. Further, though father participated in a required psychological evaluation, the results indicated that he presented a severe risk of harm to the children because of his substance abuse issues and personality structure. Although charges had yet to be brought, father had also been caught stealing from a retail store in September 2015.

-1-

In February 2016, father was arrested and convicted of first-degree retail fraud, with an anticipated release date in December 2016. Father's parental rights were terminated in June 2016.

To terminate parental rights, the trial court must find that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met by clear and convincing evidence. *In re McIntyre*, 192 Mich App 47, 50; 480 NW2d 293 (1991). Once the trial court finds a statutory ground for termination by clear and convincing evidence and finds that termination is in the best interests of the child, the trial court shall order termination of parental rights. MCL 712A.19b(5); *In re Trejo*, 462 Mich 341, 353; 612 NW2d 407 (2000). The trial court's decision is reviewed for clear error. *In re Trejo*, 462 Mich at 356-357. A finding is "clearly erroneous where the reviewing court is left with a definite and firm conviction that a mistake has been made." *In re Terry*, 240 Mich App 14, 22; 610 NW2d 563 (2000).

Father's parental rights were terminated in June 2016 under MCL 712A.19b(3)(c)(*i*), (g), and (j). Although father does not challenge the trial court's finding of statutory grounds to terminate, we note that sufficient evidence is present on the record to support the trial court's decision. In the 21 months since removal of the children, father failed to demonstrate any progress in his substance abuse issues and criminal behavior. Moreover, father failed to comply with the service plan and demonstrated no ability to provide proper care and safety to the children. This is sufficient to support the trial court's finding that statutory grounds existed for termination under MCL 712A.19b(3)(c)(*i*), (g), and (j).

On appeal, father argues that the trial court clearly erred in finding that termination of father's parental rights was in the best interests of the children. We disagree.

"Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). The trial may consider the record as a whole in determining whether termination is in the child's best interests. *In re Trejo*, 462 Mich at 354. The trial court must "state on the record or in writing its findings of fact and conclusions of law with respect to whether or not parental rights should be terminated." MCL 712A.19b(1). When deciding whether termination is in the child's best interests, the trial court may consider "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App at 41-42 (citations omitted). It is also proper to consider evidence concerning the length of time the child has been in foster care and whether the child could be returned to the parent "within the foreseeable future, if at all." *In re Frey*, 297 Mich App 242, 249; 824 NW2d 569 (2012). Although the parent's interests may be considered, "[t]he primary beneficiary" of the best-interest determination "is intended to be the child." *In re Trejo*, 462 Mich at 356.

We conclude that the trial court did not clearly err in its best-interest determination. *In re Trejo*, 462 Mich at 356-357. Any bond that may have existed between father and the children was strained by father's incarcerations and continued absence from their lives. At the time of termination, the children had been removed for 21 months, beginning when VS was one week old and when MS was three years old. During this period of removal, father was incarcerated

from January to May 2015, during which time his parental visitation was suspended. In October 2015, father's parental visitation was again suspended. In the eight months when father's parental visitations were not suspended—from September 2014 to January 2015 and May 2015 to October 2015—father was never able to progress to unsupervised visits with the children. Father was never responsible for the children's full-time care. Supervised visits occurred twice a week for 1½ hours, and father frequently showed up late or left these visits early. This lack of contact between father and the children, considering the young ages of the children, undoubtedly weakened or completely severed any bond the children had with father.

Further, the children were in care for nearly two years and father, given his incarceration, inability to place the children with family, and lack of progress toward achieving a stable environment and rectifying his substance abuse issues when he was not incarcerated, was unlikely to be able to provide a safe, stable environment for the children within a reasonable time. Because it was "unlikely that the child[ren] [can] be returned to [their] parents' home within the foreseeable future," termination of father's parental rights was proper to facilitate the placement of the children in a permanent, stable, loving home. *In re Frey*, 297 Mich App 248-249. Although father argues on appeal that he has realized the harm his substance abuse issues have caused to his children, his children cannot be expected to wait indefinitely for an uncertain recovery and, in so doing, forgo a permanent, safe, and stable home. After 21 months in care with little to no contact with father, the children waited long enough. Given these circumstances, the trial court did not clearly err in concluding that termination was in the children's best interests.

Affirmed.


/s/ William B. Murphy
/s/ David H. Sawyer
/s/ Brock A. Swartzle