# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* M. JONES, JR., Minor.

UNPUBLISHED
April 4, 2017

No. 335423
Jackson Circuit Court
Family Division
LC No. 13-001032-NA

Before: BECKERING, P.J., and O'CONNELL and BORRELLO, JJ.

PER CURIAM.

Respondent-father appeals as of right the trial court order terminating his parental rights to the minor child under MCL 712A.19b(3)(g) (failure to provide proper care and custody) and (j) (child will be harmed if returned to parent). We affirm.

The trial court assumed jurisdiction over the minor child in February 2015 after the minor child tested positive for tetrahyrocannabinol (THC) upon birth. The petition further alleged that father had a history of domestic violence toward mother. Both parents had their parental rights to previous children with other partners terminated due to domestic violence concerns and an inability to benefit from services provided.

From February 2015 to September 2015, father followed the parent-agency treatment plan and interacted with the minor child appropriately during supervised parental visitations. Father completed a psychological evaluation, engaged in a parenting class, participated in random drug screens, and completed an anger management course. In September 2015, father assaulted mother and was subsequently incarcerated through February 2016.

The minor child was returned to mother's care in January 2016. Despite a court order providing that father was to receive supervised parental visitation only, mother allowed father unsupervised visitation with the minor child on multiple occasions. In March 2016, father tested positive for heroin and alcohol. In April 2016, father was arrested for another domestic violence incident with mother, committed while the minor child was present in the home. Father's parental rights were terminated in October 2016.

Father argues that the trial court violated his constitutional right to parent the minor child by terminating his parental rights. We disagree.

We typically review de novo a respondent's claim of a violation to his constitutional rights to substantive or procedural due process. *In re TK*, 306 Mich App 698, 703; 859 NW2d

-1-

208 (2014). However, because father failed to preserve this issue by raising it in the trial court, this Court reviews for plain error. *Id.* Defendant may obtain relief only if "(1) error . . . occurred, (2) the error was plain, i.e., clear or obvious, (3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

Father is correct that he has a constitutional right to parent the minor child, which "does not evaporate simply because [he has] not been [a] model parent[ ]." *Santosky v Kramer*, 455 US 745, 753; 102 S Ct 1388; 71 L Ed 2d 599 (1982). However, "[a] parent's right to control the custody and care of [his] children is not absolute, as the state has a legitimate interest in protecting 'the moral, emotional, mental, and physical welfare of the minor,' and in some circumstances 'neglectful parents may be separated from their children.' " *In re Sanders*, 495 Mich 394, 409-410; 852 NW2d 524 (2014), quoting *Stanley v Illinois*, 405 US 645, 652; 92 S Ct 1208; 31 L Ed 2d 551 (1972). Once the trial court finds that clear and convincing evidence establishes at least one ground for termination under MCL 712A.19b(3), "the liberty interest of the parent no longer includes the right to custody and control of the children." *In re Trejo*, 462 Mich 341, 355; 612 NW2d 407 (2000). At that point, a "parent's interest in the companionship, care, and custody of the child gives way to the state's interest in the child's protection." *Id.* at 356. Therefore, father's constitutional right to parent his minor child was not violated if the trial court correctly found by clear and convincing evidence that there was a statutory ground for termination. See *id.*

Because father fails to argue that the trial court erred in finding that there were statutory grounds to terminate his parental rights, he has abandoned the issue. See *Berger v Berger,* 277 Mich App 700, 712; 747 NW2d 336 (2008) ("A party abandons a claim when it fails to make a meaningful argument in support of its position."). Consequently, father's argument as to his constitutional right to parent must also fail because father's liberty interest no longer included the right to custody and control of his minor child once the trial court found statutory grounds to terminate his parental rights. See *In re Trejo*, 462 Mich at 355. However, even if father had not abandoned the statutory-grounds issue, we would conclude nevertheless that the trial court did not err in finding that there were statutory grounds to terminate his parental rights under MCL 712A.19b(3)(g) and (j).

To terminate parental rights, the trial court must find that clear and convincing evidence exists to establish at least one of the statutory grounds for termination in MCL 712A.19b(3). *In re McIntyre*, 192 Mich App 47, 50; 480 NW2d 293 (1991). Once the trial court finds a statutory ground for termination by clear and convincing evidence and finds that termination is in the best interests of the child by a preponderance of the evidence, the trial court shall order termination of parental rights. MCL 712A.19b(5); *In re Trejo*, 462 Mich at 353. The trial court's decision to terminate parental rights is reviewed for clear error. *Id*. at 356-357. A finding is "clearly erroneous where the reviewing court is left with a definite and firm conviction that a mistake has been made." *In re Terry*, 240 Mich App 14, 22; 610 NW2d 563 (2000).

Respondent's parental rights were terminated under MCL 712A.19b(3)(g) and (j). A parent's parental rights to a minor child may be terminated under MCL 712A.19b(3)(g) where the parent "fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age." MCL 712A.19b(3)(j) provides that a parent's parental rights

to a minor child may be terminated where "[t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent."

The trial court did not clearly err in finding that clear and convincing evidence established these grounds for termination of father's parental rights. Despite being provided extensive services to address his domestic violence issues, father proceeded to assault mother twice during the proceedings. Moreover, father placed the minor child's safety in jeopardy by having unsupervised parental visitation despite the trial court's orders otherwise. Father's failure to comply with and benefit from the service plan constitutes evidence that he would be unable to provide proper care and custody and that the minor child's health would be at risk if the minor child was returned to him. *In re White*, 303 Mich App 701, 710; 846 NW2d 61 (2014).

"Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). The trial court may consider the record as a whole in determining whether termination is in the child's best interests. *In re Trejo*, 462 Mich at 354. The trial court must "state on the record or in writing its findings of fact and conclusions of law with respect to whether or not parental rights should be terminated." MCL 712A.19b(1). When deciding whether termination is in the child's best interests, the trial court may consider "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App at 41-42 (citations omitted). It is also proper to consider evidence concerning the length of time the child has been in foster care and whether the child could be returned to the parent "within the foreseeable future, if at all." *In re Frey*, 297 Mich App 242, 249; 824 NW2d 569 (2012). Although the parent's interests may be considered, "[t]he primary beneficiary" of the best-interest determination "is intended to be the child." *In re Trejo*, 462 Mich at 356.

The trial court also did not err in making its best-interest determination. Although father interacted appropriately with the minor child during supervised parental visitation and had a bond with the minor child, father only exercised this visitation from February 2015 to September 2015. Against court orders, father exercised unsupervised visitation in February 2016 and March 2016. At no point in the minor child's life was father responsible for the care and custody of the minor child, and at no point during the proceedings did father demonstrate sufficient progress to achieve court-sanctioned unsupervised visitation. Further, the minor child had been placed with a foster-care family with his step-siblings, and the foster-care family indicated a willingness to adopt the minor child and provide the minor child with permanency, stability, and finality. Considering father's lack of progress and his recent incarceration, it was "unlikely that the child could be returned to [his] parents' home within the foreseeable future," and termination of father's parental rights was proper to facilitate the placement of the minor child into a permanent, stable, loving home. See *In re Frey*, 297 Mich App at 249.

Affirmed.

/s/ Jane M. Beckering
/s/ Peter D. O'Connell
/s/ Stephen L. Borrello

-3-