# STATE OF MICHIGAN

# COURT OF APPEALS

In re WILSON, Minors.

UNPUBLISHED
November 14, 2017

No. 338602
Calhoun Circuit Court
Family Division
LC No. 2016-001707-NA

Before: M. J. KELLY, P.J., and RONAYNE KRAUSE and BOONSTRA, JJ.

PER CURIAM.

Respondent appeals as of right from the trial court's order terminating her parental rights to the minor children under MCL 712A.19b(3)(c)(*i*) (conditions of adjudication continue to exist), (c)(*ii*) (failure to rectify other conditions), and (j) (child will be harmed if returned to parent).[1] For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

The minor children were born premature in May 2016. Because one of the twins tested positive for marijuana shortly after birth, the trial court assumed jurisdiction over the both children in June 2016. The petition alleged that respondent was not prepared for the minor children to be returned to her home, that she was actively using marijuana, and that she had pending arrest warrants for failing to appear, possession of marijuana, and failure to pay child support for her other two children. After the twins were released from the hospital, they were placed into a foster-care home.

From June 2016 to May 2017, respondent exercised parenting time sporadically, ultimately attending only 15 of 46 offered parenting-time sessions. She tested positive for marijuana seven times during the proceedings and failed to complete drug screens four times. Respondent received referrals for a psychological evaluation and for services with Home Again, the Maternal Infant Health Program, Woman's Co-Op, and Summit Pointe; however, she failed to participate in any of those services. Respondent was also incarcerated from October 7, 2016

---

[1] The trial court also terminated the parental rights of the children's father; however, he has not appealed that decision.

to November 23, 2016; from December 9, 2016 to December 12, 2016; and from January 4, 2017 to January 27, 2017.

In May 2017, following a termination hearing, the trial court terminated respondent's parental rights under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), and (j).

## II. TERMINATION OF PARENTAL RIGHTS

### A. STANDARD OF REVIEW

Respondent argues that the trial court erred by terminating her parental rights. To terminate parental rights, the trial court must find that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met by clear and convincing evidence. *In re McIntyre*, 192 Mich App 47, 50; 480 NW2d 293 (1991). The trial court's decision to terminate parental rights is reviewed for clear error. *In re Trejo*, 462 Mich 341, 356-357; 612 NW2d 407 (2000). A finding is "clearly erroneous where the reviewing court is left with a definite and firm conviction that a mistake has been made." *In re Terry*, 240 Mich App 14, 22; 610 NW2d 563 (2000).

### B. ANALYSIS

The trial court terminated respondent's rights under MCL 712A.19b(3)(c)(*i*), (c)(*ii*), and (j). Termination is proper under subsection (c)(*i*) if there is clear and convincing evidence that:

> (c)   The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

> (*i*)   The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

Here, it is undisputed that 182 or more days elapsed between the initial dispositional order and the termination hearing. The conditions that led to adjudication were respondent's use of marijuana and her inability to provide basic necessities for the minor children. At the time of the termination hearing, respondent had not accomplished any meaningful change in the conditions that led to adjudication. She continued to use marijuana throughout the proceedings, testing positive for marijuana seven times and missing four screens. She also failed to attend Summit Pointe to address her substance abuse, and she failed to complete a psychological evaluation, which may have provided insight into her substance abuse. Moreover, at the time of the termination hearing, respondent had not demonstrated that she had appropriate housing or the necessary materials to care for her infant children. Accordingly, respondent did not accomplish any "meaningful change" in the conditions that led to adjudication, and the trial court did not clearly err by finding that termination of her parental rights was proper under MCL 712A.19b(3)(c)(*i*). See *In re Williams*, 286 Mich App 253, 272; 779 NW2d 286 (2009) (stating that where "the totality of the evidence" demonstrates that the parent did not accomplish "any

meaningful change in the conditions" that led to adjudication, termination is proper under MCL 712A.19b(3)(c)(*i*)).[2]

Respondent argues on appeal that the use of marijuana does not mean she is an unfit parent. In support, she directs our attention to Michigan's Medical Marihuana Act (MMMA), MCL 333.26421 *et seq.* However, MCL 333.26424(d) only prevents the trial court's consideration of marijuana use as grounds for termination when a parent has a valid medical marijuana card. Respondent, however, does not have a valid medical marijuana card. Accordingly, her continued use of marijuana is unlawful and subjects her to the potential of incarceration. Moreover, the MMMA establishes limitations on marijuana possession and consumption and, without a medical marijuana card, respondent is not subject to those requirements. Therefore, the trial court appropriately considered respondent's marijuana use as evidence when making its termination decision.

In addition, termination of respondent's parental rights was in the children's best interests. "Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). The trial court may consider the record as a whole in determining whether termination is in the child's best interests. *In re Trejo*, 462 Mich at 354. The trial court must "state on the record or in writing its findings of fact and conclusions of law with respect to whether or not parental rights should be terminated." MCL 712A.19b(1). When deciding whether termination is in the child's best interests, the trial court may consider "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App at 41-42 (citations omitted). It is also proper to consider evidence concerning the length of time the child has been in foster care and whether the child could be returned to the parent "within the foreseeable future, if at all." *In re Frey*, 297 Mich App 242, 249; 824 NW2d 569 (2012). Although the parent's interests may be considered, "[t]he primary beneficiary" of the best-interest determination "is intended to be the child." *In re Trejo*, 462 Mich at 356.

The minor children were removed immediately after birth and remained in the care of a foster family throughout the nearly 12 months of proceedings. Although respondent acted appropriately with them during parenting time, she attended only 15 of 46 parenting-time sessions and did not provide adequate supplies for those sessions. During the proceedings, respondent was never responsible for the care of the minor children and was never granted unsupervised parenting time. Both minor children faced significant health issues, and respondent failed to consistently attend their medical appointments. Further, although respondent argues on appeal that the trial court should have given her more time before termination because she was

---

[2] Because only one ground for termination need be established, we need not address whether termination was proper under MCL 712A.19b(3)(c)(*ii*) and (j). See *In re HRC*, 286 Mich App 444, 461; 781 NW2d 105 (2009).

employed and had scheduled appointments with various services, the minor children had already been in care for nearly one year and could not be expected to wait indefinitely for respondent's uncertain improvement. Consequently, because it was unlikely that the children could be returned to respondent's home in the foreseeable future, termination of respondent's parental rights was proper to facilitate the children's placement in a permanent, stable, loving home. See *In re Frey*, 297 Mich App 248-249.

Affirmed.

/s/ Michael J. Kelly
/s/ Amy Ronayne Krause
/s/ Mark T. Boonstra