*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* T. BARRON, Minor.

UNPUBLISHED
February 17, 2022

No. 357164
Hillsdale Circuit Court
Family Division
LC No. 20-000283-NA

Before: BORRELLO, P.J., and M. J. KELLY and REDFORD, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating her parental rights to the minor child, TB. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

TB was born in May 2020, and a petition seeking the termination of respondent's parental rights to TB was submitted by the Department of Health and Human Services (DHHS) four days later. The petition contained allegations involving respondent's long history of substance abuse, including allegations that she used marijuana and methamphetamine while pregnant with TB. Following a hearing on emergency removal, TB was returned to respondent's custody and the matter was set for trial.

However, in July 2020, TB was removed from respondent's care and an amended petition was filed alleging that TB was taken to the hospital for "seizure like activity" and subsequently tested positive for methamphetamine. The amended petition further alleged that respondent's behavior at the hospital led hospital staff to suspect that she was under the influence of drugs. An emergency removal hearing was held, and the trial court ordered that TB be removed from respondent's custody and placed with the DHHS. TB was placed in foster care. TB's foster family placement also included half-siblings and cousins of TB.

Jurisdiction over respondent was subsequently established at the August 2020 adjudication hearing by way of respondent's plea of admission. The goal was changed to reunification. The initial disposition hearing was held in September 2020, a review hearing was held in December 2020, and a combined review and permanency planning hearing was held in March 2021. At the March hearing, the permanency planning goal was changed to adoption. Subsequently, a petition

to terminate respondent's parental rights to TB was filed. At the conclusion of the termination hearing in April 2021, the trial court ordered that respondent's parental rights to TB be terminated. The trial court concluded that statutory grounds existed to terminate respondent's parental rights under MCL 712A.19b(3)(c)(*i*), MCL 712A.19b(3)(g), and MCL 712A.19b(3)(j). The trial court also concluded that it was in TB's best interests to terminate respondent's parental rights.

Respondent now appeals, although respondent does not challenge the trial court's statutory-grounds or best-interests rulings.

## II. FAILURE TO PLACE WITNESSES UNDER OATH

Respondent first argues that her substantive and procedural due process rights were violated because the trial court "failed to have witnesses sworn and placed under oath" at the September 2020 initial disposition hearing, the December 2020 review hearing, and the March 2021 review and permanency planning hearing.

Respondent acknowledges that she never raised this issue or objected to these allegedly improper failures in the trial court.[1] Our review is thus for plain error affecting substantial rights. *In re TK*, 306 Mich App 698, 703; 859 NW2d 208 (2014). Accordingly, respondent must demonstrate "that (1) error occurred; (2) the error was 'plain,' i.e., clear or obvious; and (3) the plain error affected [her] substantial rights." *In re Ferranti*, 504 Mich 1, 29; 934 NW2d 610 (2019) (citation omitted). The error must also "have seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings[ ] . . . ." *Id*. (citation and quotation marks omitted; alterations and ellipsis in original).

Respondent's appellate argument is difficult to understand. Seemingly, respondent argues that the failure to have witnesses sworn and placed under oath at the three hearings denied respondent the opportunity to cross examine the caseworkers who provided oral reports to the trial court during these hearings.[2] However, the record reflects that respondent was represented by counsel at each of these hearings and the record does not indicate that respondent or her counsel ever made a request for cross-examination during these hearings that was denied. Respondent's counsel also provided oral reports and arguments to the trial court on behalf of respondent.

The procedures governing dispositional hearings, dispositional review hearings for a child in foster care, and permanency planning hearings are contained in MCR 3.973, MCR 3.975, and MCR 3.976[3] respectively. Pursuant to MCR 3.973(E)(1), the "Michigan Rules of Evidence do not

---

[1] We also note that respondent did not even attend the September or December hearings, although her counsel was present and participated at those hearings.

[2] We additionally note that documentary exhibits were admitted into evidence at these hearings and that respondent's counsel specifically indicated on the record each time that he had no objection to the admission of those exhibits.

[3] The recent amendments to these court rules do not impact the relevant provisions for purposes of this appeal.

apply at the initial dispositional hearing, other than those with respect to privileges." Additionally, MCR 3.973(E) further provides in relevant part:

> (2) All relevant and material evidence, *including oral* and written *reports*, may be received and may be relied on to the extent of its probative value. *The court shall consider* the case service plan *and any written or oral information concerning the child from the child's parent, guardian, legal custodian, foster parent, child caring institution, or relative with whom the child is placed*. If the agency responsible for the care and supervision of the child recommends not placing the child with the parent, guardian, or legal custodian, the agency shall report in writing what efforts were made to prevent removal, or to rectify conditions that caused removal, of the child from the home.

> (3) *The parties* shall be given an opportunity to examine and controvert written reports so received and *may be allowed to cross-examine individuals making the reports when those individuals are reasonably available*. [Emphasis added.]

With respect to review hearings for children in foster care, MCR 3.975(E) provides in relevant part:

> Dispositional review hearings must be conducted in accordance with the procedures and rules of evidence applicable to the initial dispositional hearing. The Agency shall provide to all parties all reports in its case file, including but not limited to initial and updated case service plans, treatment plans, psychological evaluations, psychiatric evaluations, substance abuse evaluations, drug and alcohol screens, therapists' reports, contracted service provider reports, and parenting time logs. . . . The reports that are filed with the court must be offered into evidence. The court shall consider any written or oral information concerning the child from the child's parent, guardian, legal custodian, foster parent, child caring institution, or relative with whom a child is placed, in addition to any other relevant and material evidence at the hearing. . . .

With respect to permanency planning hearings, MCR 3.976(D)(2) provides that the

> Michigan Rules of Evidence do not apply, other than those with respect to privileges, except to the extent such privileges are abrogated by MCL 722.631. At the permanency planning hearing all relevant and material evidence, including oral and written reports, may be received by the court and may be relied upon to the extent of its probative value. The court must consider any written or oral information concerning the child from the child's parent, guardian, custodian, foster parent, child caring institution, or relative with whom the child is placed, in addition to any other evidence offered at the hearing. The court shall obtain the child's views regarding the permanency plan in a manner appropriate to the child's age. The parties must be afforded an opportunity to examine and controvert written reports received and may be allowed to cross-examine individuals who made the reports when those individuals are reasonably available.

-3-

Here, respondent does not cite any provision of the above court rules that was violated. Respondent also does not argue that the procedures provided by the court rules are insufficient to protect her due-process rights. In fact, respondent does not even cite these court rules, nor does respondent attempt to apply the proper analytical test for determining whether the provided procedures comport with due process. See, e.g., *In re TK*, 306 Mich App at 706-707 (applying the test outlined in *Mathews v Eldridge*, 424 US 319, 335; 96 S Ct 893; 47 L Ed 2d 18 (1976)). Accordingly, respondent has failed to meet her burden of demonstrating plain error regarding this appellate issue. *In re Ferranti*, 504 Mich at 29.

Respondent has also essentially abandoned this issue on appeal by failing to cogently develop an argument supported by relevant legal authority. "A party cannot simply assert an error or announce a position and then leave it to this Court to discover and rationalize the basis for [her] claims, or unravel and elaborate for [her her] argument, and then search for authority either to sustain or reject [her] position." *In re TK*, 306 Mich App at 712 (quotation marks and citation omitted; alterations in original).

## III. RELATIVE PLACEMENT

Next, respondent argues that the trial court failed to properly consider the maternal grandmother as a relative placement for TB. The record reflects that TB's maternal grandmother, who lived in North Carolina, sought to have TB placed with her. This matter was discussed at length at the September 2020 and December 2020 hearings. The prosecuting attorney, who represented petitioner, provided the court with explanations of the discussions and actions that had occurred related to exploring the possibility of placing TB with her maternal grandmother and the decision to place TB in foster care. The maternal grandmother was also provided visitation with TB. A home study was conducted of the maternal grandmother's home that found the home appropriate, but TB nonetheless remained placed with a foster family in Michigan. TB had been placed with this foster family since her removal from respondent's custody in July 2020.

Respondent asserts on appeal that the "DHHS failed in multiple ways to comply with MCL 722.954a." Specifically, respondent claims that the DHHS failed to make a placement decision in writing and provide reasons for the placement decision as required by MCL 722.954a(4) which states:

> (4) Not more than 90 days after the child's removal from his or her home, the supervising agency shall do all of the following:
>
> (a) Make a placement decision and document in writing the reason for the decision.
>
> (b) Provide written notice of the decision and the reasons for the placement decision to the child's attorney, guardian, guardian ad litem, mother, and father; the attorneys for the child's mother and father; each relative who expresses an interest in caring for the child; the child if the child is old enough to be able to express an opinion regarding placement; and the prosecutor.

As with her first issue raised on appeal, respondent has not provided any evidence or citation to the record that would support her contention that the DHHS failed to comply with MCL

-4-

722.954a.  There is also no indication in the record that respondent ever objected to the alleged failure to comply with this statute.  Thus, our review is for plain error.  *In re TK*, 306 Mich App at 703.  The record indicates that respondent and her counsel were aware of TB's actual placement and that the reasons for the placement decision were discussed on the record.  Respondent acknowledges as much by discussing some of these reasons in her appellate brief.  Accordingly, respondent has not established that any alleged error affected her substantial rights or seriously affected the fairness, integrity or public reputation of the proceedings.  *In re Ferranti*, 504 Mich at 29.  Respondent has therefore not shown that there was a plain error requiring reversal.  *Id.*

Moreover, it appears that respondent believes that TB should have been placed with the maternal grandmother rather than a foster family, but respondent offers no legal basis on which we could conclude that she is entitled to appellate relief.  There is no absolute requirement that a child be placed with a relative caregiver.  *In re McIntyre*, 192 Mich App 47, 52; 480 NW2d 293 (1991).  Respondent's failure to cogently support the factual and legal basis for her argument also constitutes an abandonment of this issue on appeal.  *In re TK*, 306 Mich App at 712.

Affirmed.

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ James Robert Redford

-5-