# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* CREGER, Minors.

UNPUBLISHED
October 27, 2015

No. 326478
Oakland Circuit Court
Family Division
LC No. 13-809409-NA

Before: METER, P.J., and WILDER and RONAYNE KRAUSE, JJ.

PER CURIAM.

Respondent mother appeals as of right the trial court order terminating her parental rights to the minor children pursuant to MCL 712A.19b(3)(c)(*i*) (conditions of adjudication continue to exist), (g) (failure to provide proper care or custody), and (j) (reasonable likelihood of harm to the children if returned to the parent). We affirm.

## I. FACTUAL BACKGROUND

In June 2013, the trial court authorized the initial petition involving the minor children. The children are currently 4, 7, and 9 years of age. According to the petition, respondent left her youngest child home alone in March 2013, and Families First was placed in the home to address improper supervision, but the police discovered all the children home alone in June 2013. Also, respondent was transported for medical evaluation in June 2013 after expressing thoughts of suicide, and she was diagnosed with depression and anxiety but was not taking her prescribed medications. Respondent admitted some of the allegations and the court assumed jurisdiction over the minor children. At disposition, the court ordered respondent to comply with a treatment plan and have supervised visits with her children, who were placed with respondent's mother. Respondent's treatment plan required parenting classes, mental health services, housing and income, and random drug screens.

Respondent did not start to regularly visit her children until March 2014, after missing months of visits. Shortly thereafter, in May 2014, respondent assaulted a worker from Department of Health and Human Services (DHHS) during a visitation, which led to her incarceration and suspension of her visits. At the August 2014 hearing, the court was advised that respondent was still incarcerated and she was therefore not involved in therapy or participating in drug screens. Further, while respondent attended most of her drug screens before her incarceration, she had screens positive for marijuana and alcohol, and she was behind on her property taxes. The court ordered initiation of termination proceedings.

-1-

A termination petition was filed in September 2014, based on respondent's lack of compliance with her treatment plan. Following a hearing, the court entered its order terminating respondent's parental rights pursuant to MCL 712A.19b(3)(c)(*i*), (g), and (j). Respondent now appeals.

## II. STANDARD OF REVIEW

In order to terminate parental rights, the trial court must find that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met by clear and convincing evidence. *In re McIntyre*, 192 Mich App 47, 50; 480 NW2d 293 (1991). Once the petitioner has established a statutory ground for termination by clear and convincing evidence, the trial court must order termination of parental rights if the court also finds that termination of parental rights is in the best interests of the child. MCL 712A.19b(5). Whether termination of parental rights is in the best interests of the child must be proven by a preponderance of the evidence. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). The trial court's decision is reviewed for clear error. *In re Trejo*, 462 Mich 341, 356-357; 612 NW2d 407 (2000). Clear error means that "'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made.' " *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010) (internal quotation omitted).

## III. ANALYSIS

MCL 712A.19b(3) permits termination of parental rights under the following relevant circumstances:

> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

> (*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

> \* \* \*

> (g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

> \* \* \*

> (j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

Only one statutory ground need be established to support termination of a respondent's parental rights. *In re Foster*, 285 Mich App 630, 633; 776 NW2d 415 (2009).

In terminating respondent's parental rights the trial court first noted that a "reasonable time" envisioned in the statute would be shorter due to the young age of these children. Although the court recognized that respondent had housing and income and had completed parenting classes, it also noted that respondent failed to cooperate with mental health services, drug screens and visitation. The court found that respondent had mental health issues, mentioning her assault on the DHHS worker and her conduct at a June 2014 court hearing, wherein she expressed her belief that someone was cutting her children open and harvesting their organs for sale.

The trial court did not clearly err in terminating respondent's parental rights under subsections (3)(c)(*i*), (g), and (j). Although respondent engaged in some aspects of her treatment plan, the evidence established that she had not fully addressed her numerous mental health issues. Her November 2013 psychological evaluation recommended that she have psychiatric services and individual counseling; however, respondent failed to fully engage in those services. Respondent's conduct during these proceedings (which included a violent attack on a worker and bizarre conduct in court proceedings), and lack of mental health treatment, fully supports the court's finding that respondent failed to adequately address her mental health issue. Respondent's failure to resolve this issue in the lengthy period of time her children were in care warranted a conclusion that she would not do so in a reasonable time and that her children would be at risk of harm if returned to her care.

In deciding a child's best interests, a court may consider the child's bond to their parent; the parent's parenting ability; the child's need for permanency, stability, and finality; and the suitability of alternative homes. *In re White*, 303 Mich App 701, 713; 846 NW2d 61, 68 (2014); *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012). The trial court should weigh all the evidence available to determine the child's best interests. *White*, 303 Mich App at 713. A child's placement with relatives weighs against termination and is an explicit factor to consider in determining whether termination is in a child's best interests. *Mason*, 486 Mich at 164; *Olive/Metts*, 297 Mich App at 43.

In this case, the children were in relative placement and there was some evidence of bonding. Respondent had a home and income, and the maternal grandmother offered testimony in support of respondent's parenting ability.

However, as noted, the evidence established that respondent had not fully addressed her mental health issues. Respondent's most recent psychological evaluation revealed a history of long-standing mental health issues, including anxiety and auditory hallucinations, and it noted that respondent was still having those issues. The psychologist who evaluated respondent felt that she had not received proper mental health care and was not stabilized on her medications because she was continuing to experience extreme anxiety and auditory hallucinations. Respondent's personality tests revealed that she had extreme anxiety to the point of becoming reclusive and detached from those around her, and the evaluator felt that this would impair her parenting ability. The evaluator felt that it would not be in the best interests of the children to be in respondent's care due to her unstable mental health and erratic behavior. Significantly, the

-3-

evaluator did not believe that respondent would achieve stability in a reasonable amount of time, given her long-standing history of mental instability, despite services and medications to resolve those issues.

The evaluator was also concerned that the children would be exposed to further neglect and possible abuse if returned to respondent's care, and the foster care worker was concerned that the children would be injured if returned to respondent's care. The evidence also established that the children needed stability and consistency, and they were doing well in their placements with their maternal grandmother.[1] Given the above, there was a preponderance of evidence supporting the trial court's decision regarding best interests, and it did not clearly err in that determination.

Affirmed.

/s/ Patrick M. Meter
/s/ Kurtis T. Wilder
/s/ Amy Ronayne Krause

---

[1] At the time the trial court terminated respondent's parental rights, the fathers of two of the three children were working toward reunifications, and the third child had no legal father at the time.