# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* J. EARLS, Minor.

UNPUBLISHED
January 19, 2016

No. 328198
Berrien Circuit Court
Family Division
LC No. 2013-000102-NA

Before: BOONSTRA, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Respondent mother appeals as of right the trial court order terminating her parental rights to the minor child under MCL 712A.19b(3)(c)(*i*) (conditions that led to the adjudication continue to exist) and (g) (failure to provide proper care and custody). We affirm.

Respondent challenges the trial court's findings regarding the statutory grounds for termination and the minor child's best interests. To terminate parental rights, a trial court must find the existence of a statutory ground for termination in MCL 712A.19b has been met by clear and convincing evidence. *In re McIntyre*, 192 Mich App 47, 50; 480 NW2d 293 (1991). After a trial court has established a statutory ground for termination by clear and convincing evidence, the trial court shall order termination of parental rights if it finds by a preponderance of the evidence "that termination of parental rights is in the child's best interests[.]" MCL 712A.19b(5); see *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). A trial court's factual findings in terminating parental rights, including a finding that a ground for termination has been established and that termination is in a child's best interests, are reviewed for clear error. MCR 3.977(K); *In re Trejo Minors*, 462 Mich 341, 356-357; 612 NW2d 407 (2000).

Termination is proper under MCL 712A.19b(3)(g) where a "parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable likelihood that the parent will be able to provide proper care and custody within a reasonable time considering the child's age." Here, respondent clearly failed to provide proper care and custody for the two-year old child. The child was found wandering in the parking lot of a motel where respondent went to a party; respondent was unconscious from a heroin overdose at the time. At the time, respondent and the child were residing in a different motel with respondent's mother and brother. After the child's removal, respondent initially made progress regarding her substance abuse, and she participated in all of the substance abuse services available to her.

-1-

However, in September 2014, respondent relapsed into drug and alcohol use, and on October 15, 2014, respondent overdosed on heroin. Additionally, respondent was incarcerated[1] at the time of the termination hearing because she violated her probation by inappropriately using prescription Tramadol. At times, respondent tested positive for Tramadol in her system at levels approximately 12 times the maximum amount she was supposed to have in her system. Yet, respondent denied that she inappropriately used the drug. Accordingly, the evidence before the trial court indicated that respondent continued to struggle with the inappropriate use of opiates. Additionally, despite housing assistance and support, respondent still had not adequately provided housing with appropriate bedroom space for the minor child. A trial court may rely on a respondent's history of failing to provide proper care and custody in finding that there was no reasonable expectation that the respondent would be able to provide proper care and custody within a reasonable time. *In re Archer*, 277 Mich App 71, 75-76; 744 NW2d 1 (2007). Given the minor child's age, the amount of time she had already spent in foster care, and respondent's history of failing to address her substance abuse and lack of appropriate housing, the trial court did not clearly err in finding that there was no reasonable expectation that respondent would be able to provide proper care and custody within a reasonable time considering the child's age. The trial court did not clearly err in finding a statutory ground for termination under MCL 712A.19b(3)(g). MCR 3.977(K); *In re Trejo Minors*, 462 Mich at 356-357.

Because only one statutory ground for termination must be established, *In re Trejo Minors*, 462 Mich at 360, and we affirm termination under (g), we do not address MCL 712A.19b(3)(c)(*i*).

Regarding the minor child's best interests, respondent's history, the minor child's need for permanency and stability, and the advantages of the child's foster home all weighed in favor of a finding that termination was in the child's best interests. *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012); *In re Jones*, 286 Mich App 126, 131; 777 NW2d 728 (2009). The trial court did not clearly err in finding that termination of respondent's parental rights was in the minor child's best interests. MCR 3.977(K); *In re Trejo Minors*, 462 Mich at 356-357.

Affirmed.

/s/ Mark T. Boonstra
/s/ David H. Sawyer
/s/ Jane E. Markey

---

[1] Respondent correctly notes that the Michigan Supreme Court held in *In re Mason*, 486 Mich 142, 160; 782 NW2d 747 (2010), that "[t]he mere present inability to personally care for one's children as a result of incarceration does not constitute grounds for termination." However, the trial court did not rely solely on respondent's incarceration in terminating her parental rights. Respondent does not demonstrate any error in the trial court's findings regarding the statutory grounds for termination under *Mason*.