# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* M. L. STAMPER, Minor.

UNPUBLISHED
August 23, 2018

No. 341134
Oakland Circuit Court
Family Division
LC No. 17-852273-NA

Before: CAMERON, P.J., and RONAYNE KRAUSE and TUKEL, JJ.

PER CURIAM.

Respondent mother appeals as of right the trial court order terminating her parental rights to the minor child, MLS, under MCL 712A.19b(3)(g), (i), (j), and (*l*). We affirm.

MLS has extensive medical needs. He requires oxygen 24 hours a day, needs around the clock breathing monitoring, and must attend regular medical appointments. He needs suctioning after eating and cannot be exposed to germs. Thus, MLS needs more care than an average child. We set forth additional facts as necessary to our analysis below.

Respondent challenges the trial court's findings that statutory grounds existed to terminate her parental rights. To terminate parental rights, a trial court must find the existence of a statutory ground for termination in MCL 712A.19b has been met by clear and convincing evidence. *In re McIntyre*, 192 Mich App 47, 50; 480 NW2d 293 (1991). A trial court's factual findings in terminating parental rights are reviewed for clear error. MCR 3.977(K); *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011).

At the time that respondent's parental rights were terminated, the statutory grounds cited by the trial court provided:

(3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence 1 or more of the following:

\* \* \*

(g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

-1-

* * *

(i) Parental rights to 1 or more siblings of the child have been terminated due to serious and chronic neglect or physical or sexual abuse, and prior attempts to rehabilitate the parents have been unsuccessful.

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

* * *

(*l*) The parent's rights to another child were terminated as a result of proceedings under section 2(b) of this chapter or a similar law of another state.[1]

Respondent's parental rights were properly terminated under MCL 712A.19b(3)(g) and (j) because respondent was unable to provide proper care of MLS, who would likely be harmed in her care. Respondent admitted that her parental rights were terminated to another child in December 2016 because she failed to comply with a treatment plan.[2] The record shows that respondent had a history of unstable housing and had recently lived in both a commune and a chicken coop. Neither of her past housing environments was suitable for a medically fragile child such as MLS, who needed extra protection from germs. Respondent's more recent decision to marry Stamper, a man with a Children's Protective Services history regarding another child, and to invite Stamper's father, who had a criminal sexual conduct record, to stay with them shows that she still cannot provide a suitable home environment for MLS.

Respondent has mental health issues that include major depressive disorder, post-traumatic stress disorder, and a history of self-harm. She has not been treated for these mental health issues. Instead of making sure she addressed her own issues so that she could care for MLS, she married Stamper, a man who needed additional care and assistance. Given that her parental rights to another child were terminated and that two of her other children were being raised by their respective fathers with little or no contact from respondent, it was clear that

---

[1] Effective June 12, 2018, MCL 712A.19b(3)(g) and (3)(i) have been amended, and MCL 712A.19b(3)(*l*) has been deleted. See 2018 PA 58.

[2] To be clear, the fact that respondent previously had her parental rights to another child terminated is not per se evidence that termination is now proper under MCL 712A.19b(3)(g). However, although the doctrine of anticipatory neglect is also not necessarily a proper basis for termination standing alone, the circumstances surrounding a prior termination can constitute evidence that the trial court may properly consider as part of a parent's entire history when attempting to predict how the parent might treat another child. See *In re JL*, 483 Mich 300, 331-334; 770 NW2d 853 (2009); cf. *In re LaFrance*, 306 Mich App 713, 730-732; 858 NW2d 143 (2014). This is especially the case if a parent's history, including the circumstances surrounding a prior termination, clearly shows a pattern of behavior that has not meaningfully changed.

respondent could not care for MLS. Moreover, when questioned as to her practical ability to care for MLS, respondent stated that she planned to rely on transportation provided by the insurance company because she did not have a car or driver's license. Although respondent believed she could financially support the child and provided pay stubs to show proof of employment and ability to financially support the child, she did not have a plan for how she would be able to continue working 60 to 75 hours weekly and pay for MLS's medication or attend to his extensive medical needs. Given respondent's issues, limitations, and responsibilities, it is clear that respondent could not provide MLS the care he requires.

Respondent contends that to terminate her parental rights under MCL 712A.19b(3)(g), petitioner needed to already have demonstrated that she failed to provide proper care of MLS by the time the petition was written. This argument is unpersuasive. The trial court properly found that respondent lacked transportation and medical knowledge about MLS's needs and lacked appropriate items and medical supplies for him. Respondent failed to provide proper care because she was not mentally stable and there was no indication she could meet the needs of a healthy child, let alone a child with medical needs such as MLS had. Respondent's inability to meet the child's needs, given his medical condition, would put him at significant risk of harm. Respondent also demonstrated that she had questionable parental judgment and poor decision-making ability when she married Stamper and invited his father to live with them. Thus, the trial court did not clearly err when it terminated respondent's parental rights under MCL 712A.19b(3)(g) and (j).

Respondent claims that nothing in the record indicates that her parental rights to MLS's sibling were previously terminated due to chronic neglect or abuse as required by MCL 712A.19b(3)(i). This claim is unsupported by the record. Termination of parental rights is permitted under MCL 712A.19b(3)(i) if the court finds by clear and convincing evidence a prior termination of parental rights to a sibling, involving serious neglect, when "prior attempts to rehabilitate the parents have been unsuccessful." It is undisputed that respondent lost her parental rights to MLS's sibling due to chronic neglect. There was ample evidence to support that the myriad of services that petitioner previously offered respondent failed to markedly stabilize her mental health and improve her ability to parent. The overwhelming evidence of respondent's neglect of her older son and her inability to address her mental health issues after attempts to rehabilitate her clearly and convincingly established the applicability of MCL 712A.19b(3)(i). *In re Gach*, 315 Mich App 83, 94-95; 889 NW2d 707 (2016).

Respondent correctly argues that the trial court erred in relying on MCL 712A.19b(3)(*l*) to terminate her parental rights because this statutory ground has been deemed unconstitutional. *In re Gach*, 315 Mich App at 98-99. However, because only one statutory ground for termination needed to be established, *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011), and the trial court did not err when it terminated respondent's parental rights under subsections (g), (j), and (i), we affirm.[3]

Affirmed.

/s/ Thomas C. Cameron
/s/ Amy Ronayne Krause
/s/ Jonathan Tukel

---

[3] Although respondent does not raise the issue of best interests on appeal, we note that the trial court did not clearly err when it found that a preponderance of the evidence showed that termination of her parental rights was in the best interests of MLS. See *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014).