# STATE OF MICHIGAN

# COURT OF APPEALS

UNPUBLISHED
October 11, 2018

*In re* Z. D. WILLIAMS, Minor.

No. 343534
Wayne Circuit Court
Family Division
LC No. 10-495120-NA

Before: MURRAY, C.J., and BORRELLO and RIORDAN, JJ.

PER CURIAM.

Respondent father appeals as of right the trial court order terminating his parental rights to the minor child under MCL 712A.19b(3)(c)(*i*) and (g). We affirm.

The child was removed from his mother's care and placed in protective care while his mother was incarcerated. At that time the child did not have a legal father. Following a DNA test, respondent established paternity. The parental rights of the child's mother were terminated shortly afterward. Immediately following the termination hearing regarding the child's mother, respondent admitted that his parental rights were terminated to four children in 1994 and that he had an extensive criminal history. In exchange for respondent's admissions, the petitioner agreed not to pursue permanent custody of the child, and respondent was given a treatment plan in May 2016. In August 2017, when the court concluded that respondent failed to comply with court-ordered services, it ordered petitioner to file a petition to terminate respondent's parental rights.

Respondent's parental rights were terminated pursuant to MCL 712A.19b(3)(c)(*i*) and (g), which provide:

> (3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:

> \* \* \*

> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

(*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

\* \* \*

(g) The parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.[1]

To terminate parental rights, a trial court must find that the existence of a statutory ground for termination in MCL 712A.19b has been met by clear and convincing evidence. *In re McIntyre*, 192 Mich App 47, 50; 480 NW2d 293 (1991). A trial court's factual findings in terminating parental rights are reviewed for clear error. MCR 3.977(K); *In re Trejo Minors*, 462 Mich 341, 356-357; 612 NW2d 407 (2000).

The trial court did not err when it found MCL 712A.19b(3)(c)(*i*) and (g) established by clear and convincing evidence because the conditions that led to the adjudication continued to exist and because respondent was unable to provide proper care of the minor child. At the time of the adjudication respondent had a history of prior terminations of parental rights and a lengthy criminal history. By the time of the permanent custody hearing respondent had not demonstrated parental fitness nor had he demonstrated that he could maintain a drug-free lifestyle. Respondent submitted only 14 of 85 requested drug screens. He tested positive for marijuana in December 2016 and for alcohol in January 2018.

In addition, respondent was only partially compliant with his treatment plan, which is further evidence of his failure to provide proper care and custody of the child. *In re JK*, 468 Mich 202, 214; 661 NW2d 216 (2003). After two referrals and early terminations of counseling sessions due to his incarceration, respondent began counseling in January 2018 but never completed it. Although respondent eventually completed parenting classes in February 2017, there was no indication he benefited from those classes, particularly since he did not visit the child regularly. The evidence shows that respondent missed 49 of 111 visits due to incarceration, illness, and work conflicts. He spent nearly three months incarcerated after three

---

[1] MCL 712A.19b(3)(g) was amended effective June 12, 2018. See 2018 PA 58. Under the version of the statute in effect when the termination order was entered, the trial court does not consider the parent's intent when it finds that the parent failed to provide proper care or custody of the child and that there is no reasonable expectation the parent will be able to do so in a reasonable time. Under the new version of the statute, the court must find that the parent, when financially able to do so, failed to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to do so in a reasonable time. MCL 712A.19b(3)(g) as amended by 2018 PA 58.

arrests for domestic violence, assault, and driving on a suspended license. His multiple arrests and decision to spend time incarcerated rather than pay bond so he could get out of jail, work on his treatment plan, or visit his child showed that reunification with the minor child was not respondent's priority.

Moreover, respondent's housing situation was questionable. He never showed evidence of a lease agreement and provided the caseworkers with multiple addresses. When his home was assessed by the caseworkers he never had supplies or a crib for the child. Overall, there was no indication that he could provide a proper or fit home environment. His continual involvement in criminal activity and failure to stay out of jail made it clear that parenting the young child was not a priority to respondent.

Respondent argues that petitioner failed to make reasonable efforts because he was denied unsupervised visits when the caseworker insisted that he submit drug screens even though drugs were not part of the treatment plan. To the contrary, respondent admitted to an extensive criminal history that included possession of marijuana. Drugs were a concern, therefore, from the onset of the case, which was why the court ordered respondent to submit drug screens. Respondent's multiple missed drug screens and positive screens for alcohol and marijuana in December 2016 and January 2018 showed that there was good reason for the court to ensure that substances were no longer an issue.

We reject respondent's argument that petitioner did not make reasonable efforts to provide access to a doctor so he could have a neurological evaluation. The caseworkers testified that respondent was not compliant with petitioner's request to provide medical clearances from his physician to show that he could safely parent despite his closed head injury. There was no indication that respondent requested the caseworker's assistance in obtaining his doctor's letter or any reason why he should have needed their help. To the contrary, the record shows that the caseworkers made multiple referrals and respondent failed to follow through with services and visits. Moreover, even if petitioner had failed to make reasonable efforts, this would not have been enough to establish a basis for relief. The absence of reasonable efforts is relevant to establishing whether the statutory grounds for termination were established. See *In re Newman*, 189 Mich App 61, 65-68; 472 NW2d 38 (1991). Petitioner is not required to offer every conceivable service before termination of parental rights may be ordered. Thus, termination of parental rights was proper under MCL 712.19b(3)(c)(*i*) and (g).

The trial court also did not err in its best-interest determination. "Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012), citing MCL 712A.19b(5) and MCR 3.977(E)(4). "[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). This Court reviews a trial court's finding that termination is in the child's best interests for clear error. *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009).

The trial court did not err in concluding that it was in the child's best interests to be raised in a fit home environment where he can have stability and permanence. The minor child had been in foster care since his birth. Respondent has a closed head injury that qualified him as

disabled and affected his short-term memory. He never obtained the medical clearances requested to demonstrate that he could safely parent the child. Moreover, there was no strong bond between the child and respondent given all of the missed visits and that respondent had never been the child's caregiver. The child is placed in a foster home with parents who are interested in adopting him. He has prospects for permanence and stability that respondent has not demonstrated he can provide. The trial court did not err in finding that termination of respondent's parental rights was in the best interests of the child.

Affirmed.


/s/ Christopher M. Murray
/s/ Stephen L. Borrello
/s/ Michael J. Riordan

-4-