*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* BURGER, Minors.

UNPUBLISHED
March 2, 2023

No. 362903
St. Joseph Circuit Court
Family Division
LC No. 2014-000561-NA

Before: SHAPIRO, P.J., and LETICA and FEENEY, JJ.

PER CURIAM.

Respondent-father appeals as of right the trial court's order terminating his parental rights to the minor children, KB and SB. On appeal, respondent argues that termination of his parental rights was improper because the trial court failed to follow the procedures set forth in the Indian Child Welfare Act (ICWA), 25 USC 1901 *et seq*., and the Michigan Indian Family Preservation Act (MIFPA), MCL 712B.1 *et seq*. We conditionally reverse the order terminating respondent's parental rights and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

In June 2021, the Department of Health and Human Services (DHHS) petitioned the trial court for removal of the children from respondent's home, citing an unfit home environment. At the preliminary hearing, the referee asked whether respondent had any Native American heritage. Respondent replied that his father's side of the family included Blackfoot Tribe heritage, and the referee replied, "Okay, so we will look into that heritage because that plays a role in future hearing[s]." A case service plan report submitted to the trial court included an entry regarding an inquiry into respondent's claim of Native American heritage, but other documentation, including copies of the notice, proof of delivery, or any reply, is not found in the record. The record elsewhere merely indicates that ICWA was not applicable in the case.

The trial court terminated respondents' rights to KB and SB in August 2022.

## II. DISCUSSION

-1-

On appeal, respondent argues that his rights under ICWA and MIFPA were violated because the trial court did not comply with the requirements regarding determination of the children's Native American heritage. We agree.[1]

ICWA and MIFPA were enacted to protect the best interests of Native American children and govern the actions that a trial court and DHHS must take when a child is found to be Native American. *In re Morris*, 491 Mich 81, 97-98; 815 NW2d 62 (2012); *In re Beers*, 325 Mich App 653, 660-661; 926 NW2d 832 (2018). MCL 712B.9 imposes a duty on both the trial court and DHHS to determine whether a child qualifies for treatment under ICWA and MIFPA in child-protection proceedings:

> (1) In a child custody proceeding,[2] if the court knows or has reason to know that an Indian child is involved, the petitioner shall notify the parent or Indian custodian and the Indian child's tribe, by registered mail with return receipt requested, of the pending child custody proceeding and of the right to intervene. If the identity or location of the parent or Indian custodian and the tribe cannot be determined, notice shall be given to the secretary in the same manner described in this subsection. The secretary has 15 days after receipt of notice to provide the requisite notice to the parent or Indian custodian and the tribe.[3]
>
> * * *
>
> (3) The department shall actively seek to determine whether a child at initial contact is an Indian child. If the department is able to make an initial determination as to which Indian tribe or tribes a child brought to its attention may be a member, the department shall exercise due diligence to contact the Indian tribe or tribes in writing so that the tribe may verify membership or eligibility for membership. If the department is unable to make an initial determination as to which tribe or tribes a child may be a member, the department shall, at a minimum, contact in writing the tribe or tribes located in the county where the child is located and the secretary.

Although ICWA is silent with regard to what constitutes a trial court's "reason to know," MIFPA lists various possibilities, starting with "[a]ny party to the case . . . [who] informs the court that the child is an Indian child." MCL 712B.9(4)(a). See also *In re Johnson*, 305 Mich App 328,

---

[1] "Issues involving the application and interpretation of ICWA are questions of law that are reviewed de novo." *In re Morris*, 491 Mich 81, 97; 815 NW2d 62 (2012). "[A] parent cannot waive a child's status as an Indian child or any right of the tribe that is guaranteed by ICWA." *Id*. at 111.

[2] Under both the MIFPA and ICWA, child custody proceedings include foster-care placement, termination of parental rights, preadoptive placement, and adoptive placement. MCL 712B.3(b); 25 USC 1903. See also MCR 3.002(2).

[3] See also 25 USC 1912(a).

-2-

332; 852 NW2d 224 (2014). There is no question that there was "reason to know" in this case that an Indian child may be involved given respondent's statement at the preliminary hearing.

MIFPA further requires DHHS to "document all efforts made to determine a child's membership or eligibility for membership in an Indian tribe" and to provide that documentation to the trial court upon request. MCL 712B.9(7). Neither ICWA nor MIFPA set forth any more specific direction regarding what constitutes sufficient documentation. See *In re Morris*, 491 Mich at 113. However, the Michigan Supreme Court has held that the trial court record must include, at the minimum, "(1) the original or a copy of each actual notice personally served or sent via registered mail pursuant to 25 USC 1912(a), and (2) the original or a legible copy of the return receipt or other proof of service showing delivery of the notice." *Id*. at 114. Further, "any additional correspondence between the petitioner, the court, and the Indian tribe or other person or entity entitled to notice under 25 USC 1912(a)" would be helpful as well. *Id*.

In this case, the record contains only an entry in a case service plan report indicating that notice to the Blackfoot Tribe was sent, as well as general indications that ICWA was inapplicable. The record does not include any documentation of the actual notice, proof of delivery of the notice, or any evidence of correspondence with representatives of the Department of the Interior or the Blackfoot Tribe. Accordingly, we conclude that the trial court erred when it proceeded without the documentation required by ICWA and MIFPA when it had reason to know of the children's possible Blackfoot heritage.

Instead of reversing the lower court proceedings altogether, however, "the proper remedy for an ICWA-notice violation is to conditionally reverse the trial court and remand for resolution of the ICWA-notice issue." *Id*. at 89, 122-123. We therefore conditionally reverse the trial court's order and remand with direction that the trial court resolve this issue in accordance with ICWA, MIFPA and *In re Morris*:

> On remand, the trial courts shall first ensure that notice is properly made to the appropriate entities. If the trial courts conclusively determine that ICWA does not apply to the involuntary child custody proceedings— because the children are not Indian children or because the properly noticed tribes do not respond within the allotted time—the trial courts' respective orders terminating parental rights are reinstated. If, however, the trial courts conclude that ICWA does apply to the child custody proceedings, the trial courts' orders terminating parental rights must be vacated and all proceedings must begin anew in accord with the procedural and substantive requirements of ICWA [and MIFPA]. [*Id.* at 123.]

We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Anica Letica
/s/ Kathleen A. Feeney