*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* A. N. MORSHED, Minor.

UNPUBLISHED
March 13, 2026
2:45 PM

No. 376147
Oakland Circuit Court
Family Division
LC No. 2022-885092-NA

Before: RIORDAN, P.J., and O'BRIEN and YOUNG, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating his parental rights to the minor child, AM, under MCL 712A.19b(3)(b)(*i*) (parent's act caused abuse or injury), (g) (failure to provide proper care and custody), (j) (reasonable likelihood of harm if returned to parent), and (k)(*ii*) (parent abused child or sibling of child involving criminal sexual conduct). We affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

This case began after petitioner, the Department of Health and Human Services (the Department), filed a petition on October 10, 2022, seeking to remove AM from respondent's care and terminate respondent's parental rights to AM. The petition alleged that respondent had two criminal matters pending concerning respondent's physical abuse of his wife (AM's mother), and physical and sexual abuse of his stepson, SM. The petition further alleged that respondent was charged with three felony charges and one misdemeanor related to this alleged abuse.

While the petition was pending, on April 23, 2024, respondent was found guilty by a jury of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(b); one count of third-degree child abuse, MCL 750.136b(5); and one count of domestic violence, MCL 750.812. Respondent was sentenced on May 30, 2024, to 8 to 25 years' imprisonment for the CSC-I count, 16 months to 2 years' imprisonment for the third-degree child abuse count, and 46 days' imprisonment for the domestic violence count.

After respondent was convicted, he pleaded no contest in this case to the jurisdictional allegations in the petition and stipulated to the statutory grounds for termination, and the case

-1-

proceeded to a best-interest hearing. There, the trial court found that despite AM's placement with a relative, his mother, it was in AM's best interests to terminate respondent's parental rights. In addressing best interests on the record, the trial court stated that it reviewed the police report, which described respondent's abuse of SM. The court found that both children, as well as their mother, were subject to "horrendous abuse" by respondent. The court noted that respondent admitted to no longer having a bond with AM. Importantly, the court noted that AM wanted nothing to do with respondent. Finally, the court stated that respondent would be incarcerated for a long time, and that AM needed the permanence and finality that termination would provide. On the basis of these findings, the court terminated respondent's parental rights. This appeal followed.

## II. BEST INTERESTS

On appeal, respondent argues that the trial court clearly erred when it found by a preponderance of the evidence that termination of his parental rights was in AM's best interests. We disagree.

"Once a statutory basis for termination has been shown by clear and convincing evidence, the court must determine whether termination is in the child's best interests." *In re LaFrance*, 306 Mich App 713, 732-733; 858 NW2d 143 (2014), citing MCL 712A.19b(5). Whether termination is in a child's best interest must be established by a preponderance of the evidence. *Id.* at 733. This Court reviews for clear error a trial court's decision that termination of parental rights is in a child's best interests. *In re Jackisch/Stamm-Jackisch*, 340 Mich App 326, 333; 985 NW2d 912 (2022).

The trial court should consider all of the evidence when determining whether it is in the child's best interests to terminate parental rights. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). The trial court may consider the bond between the child and the respondent, the child's need for stability and permanency, the advantages of the child's current placement, and any history of domestic violence. *In re Olive/Metts Minors*, 297 Mich App 35, 42; 823 NW2d 144 (2012); *In re White*, 303 Mich App at 714. In addition, the trial court should consider the child's safety and well-being, including the risk of harm a child might face if returned to the parent's care. *In re VanDalen*, 293 Mich App 120, 142; 809 NW2d 412 (2011). A best-interests analysis should focus on the child, not the respondent. *In re MJC*, 349 Mich App 42, 62; 27 NW3d 122 (2023). "A child's placement with relatives weighs against termination." *In re Mason*, 486 Mich 142, 164; 782 NW2d 747 (2010). However, placement with relatives does not preclude termination. *In re Olive/Metts Minors*, 297 Mich App at 43.

Respondent argues that due to his long prison sentence, he would not be released from custody until after AM becomes an adult, so he does not pose any danger to AM. In *In re Johnson*, 305 Mich App 328, 335-336; 852 NW2d 224 (2014), this Court addressed the issue of lengthy prison sentences and best interests. In that case, the respondent was sentenced to six years' imprisonment for bank robbery. *Id.* at 335. The trial court found, and this Court agreed, that termination was in the child's best interests because of the need for stability and permanence:

> Here the trial court did not clearly err when it determined that termination was in the minor child's best interests. Although there was evidence that respondent mother had appropriate parenting skills, on December 19, 2012,

respondent mother was sentenced to six years' imprisonment for her participation in a bank robbery. Respondent mother testified during the termination hearing that she believed that it would be two years before she would be released from prison and that when she was released from prison, she would have to complete six months to a year at a "halfway-house." There was also evidence that the child was thriving in foster care and had developed a very strong attachment to the foster mother. On this record, the trial court did not clearly err when it found that termination was in the minor child's best interests because of the child's need for permanence and stability. [*Id*. at 335-336.]

In this case, similar to *In re Johnson*, respondent faces a prison sentence of between 8 and 25 years. Respondent's argument that he does not pose a risk of harm to AM due to his lengthy prison sentence ignores AM's need for permanence and stability.[1] AM told a Department caseworker, Jennifer Kitzman, that he wanted to move on from the relationship he had with respondent. Kitzman further testified that AM's bond with respondent had been severed, and respondent himself testified that he no longer had any bond with AM. As in *In re Johnson*, AM was entitled to have finality and permanence in his living situation, and termination of respondent's parental rights would serve that interest. The trial court specifically considered AM's placement with his mother and concluded that despite this relative placement, the Department had proven that it was in AM's best interests to terminate respondent's parental rights.

In addition, John Neuman, a Licensed Master Social Worker, prepared a psychological report on respondent and concluded that no minor child would be safe in the care of respondent. Neuman found that respondent had a high risk for sexual offensive recidivism. Neuman reported that respondent denied any responsibility or wrongdoing in his criminal matters. Also, Neuman found that the family lived in an environment of fear due to respondent's problems with self-regulation and hostility. The trial court noted that the domestic violence respondent perpetrated on his wife was done in the presence of AM and found that respondent did not have the ability to properly parent AM.

On this record, we conclude that the trial court did not clearly err by finding that it was in AM's best interests to terminate respondent's parental rights.

## III. REASONABLE EFFORTS

Respondent also contends that termination was not in AM's best interests because the Department failed to make reasonable efforts at reunification. We disagree.

Respondent did not object to the lack of reunification services below, so this issue is unpreserved. *In re TK*, 306 Mich App 698, 703; 859 NW2d 208 (2014). We review unpreserved issues arising in a termination hearing for "plain error affecting substantial rights." *In re MJC*,

---

[1] Respondent also argued that if he was successful on appeal for his criminal convictions, that would mean that he was innocent and posed no risk to AM. Respondent's convictions were affirmed on appeal by this Court. *People v Morshed*, unpublished per curiam opinion of the Court of Appeals, issued January 15, 2026 (Docket No. 371310).

349 Mich App at 47. To establish plain error, the party asserting error must show that (1) the error occurred, (2) "the error was plain, i.e., clear or obvious," and (3) the error affected the respondent's substantial rights. *Id*. at 48. "Generally, an error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *Id*. (quotation marks and citation omitted).

MCL 712A.19a(2)(a) provides that reasonable efforts are not required if "[t]here is a judicial determination that the parent has subjected the child to aggravated circumstances as provided in" MCL 722.638(1) or (2). See also *In re Rippy*, 330 Mich App 350, 355; 948 NW2d 131 (2019). Aggravated circumstances under MCL 722.638(1) exist if a parent abused the child or a sibling of the child, and the abuse includes "[c]riminal sexual conduct involving penetration, attempted penetration, or assault with intent to penetrate." MCL 722.638(1)(a)(*ii*).

Respondent was convicted of CSC-I for sexually abusing AM's sibling, and that abuse involved penetration. The trial court credited that conviction and relied on it when terminating respondent's parental rights. "These findings amount to a judicial determination that respondent subjected [AM] to aggravated circumstances as provided in MCL 722.638(1) . . . ." *In re Rippy*, 330 Mich App at 358. The Department was therefore not required to make reasonable efforts to reunite respondent with AM, and respondent's argument that the department failed to do so has no merit. See *id*. at 359.[2]

Further, under MCL 712A.19a(2)(d), reasonable efforts are not required if "[t]he parent is required by court order to register under the sex offenders registration act." Defendant's judgment of sentence for his CSC-I conviction requires him to "[c]omply with Sex Offender Registration." The Department was therefore not required to provide reasonable efforts pursuant to MCL 712A.19a(2)(d).

Affirmed.

/s/ Michael J. Riordan
/s/ Colleen A. O'Brien
/s/ Adrienne N. Young

---

[2] We acknowledge that respondent raises this reasonable-efforts argument in the context of his best-interests argument, but respondent fails to explain how the purported lack of services is relevant to AM's best interests. Equally significant, respondent does not explain how it would be in AM's best interests to preserve his parental rights when respondent is a convicted child sex offender and habitual domestic abuser with whom AM is not bonded, especially when respondent refuses to take responsibility for his actions.