*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* O. L. EDIE, Minor.

UNPUBLISHED
April 14, 2025
2:56 PM

No. 367329; 370453
Oakland Circuit Court
Family Division
LC No. 2021-882759-NA

Before: YATES, P.J., and O'BRIEN and FEENEY, JJ.

FEENEY, J. (*concurring*)

Although I agree with the majority's reasoning that a decision to deny termination is not appealable as of right, I write separately to emphasize to the referee and the trial court that the best-interest analysis needs to be wide-ranging and child-focused, not parent-focused, especially in a case that has spanned over a decade and where parental rights have been previously terminated due to substance abuse.

In deciding whether termination of parental rights is in the best interests of a child, the trial court should consider factors such as "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012) (citations omitted). Other relevant considerations are "the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App 701, 714; 846 NW2d 61 (2014). The trial court may also consider the parents' history, unfavorable psychological evaluation, inappropriate parenting techniques, and continued involvement in domestic violence as well as the length of time the child may be required to wait for the parent to rectify the conditions, which includes considering the child's age and particular needs. *In re Jones*, 286 Mich App 126, 131; 777 NW2d 728 (2009); see also *In re McIntyre*, 192 Mich App 47, 52-53; 480 NW2d 293 (1991). "A child's placement with relatives is a factor that the trial court is required to consider." *In re Gonzales/Martinez*, 310 Mich App 426, 434; 871 NW2d 868 (2015). Placement with a relative weighs against termination, but it is not dispositive because a trial court "may terminate parental rights in lieu of placement with relatives if it finds that termination is in the child's best interests . . . ." *In re Olive/Metts Minors*, 297 Mich App at 43.

-1-

The focus of the best-interest determination is on the child, not on the parent. *In re Schadler*, 315 Mich App 406, 411; 890 NW2d 676 (2016). Pursuant to *In re Moss*, 301 Mich App 76, 87; 836 NW2d 182 (2013), "the history of Michigan's termination-of-parental-rights statute indicates that the focus at the best-interest stage has always been on the child, not the parent." Here, the trial court focused on the bond between the mother and child, the mother's recent improvements with her parent-agency agreement, and the child's ongoing placement with the father, which the court found would not be impacted if respondent-mother's rights were not terminated. There was little if any focus, however, on the fact that OLE had been in care almost three years; OLE's ridged forehead, which resulted from head-banging after he moved from his grandmother's home (where respondent-mother was visiting him) into his foster home; Mr. Brown's testimony that he did not foresee OLE returning to respondent-mother's care for the foreseeable future given her lack of insight; and OLE's need for permanency and stability. Given respondent-mother's history with the Department of Health and Human Services for approximately a decade,[1] the abundant services she received during that time without extended periods of stability, and the extensive length of time this young boy has been out of his mother's care, the focus must be on this child and his unique needs. See *In re Schadler*, 315 Mich App at 411; *In re Moss*, 301 Mich App at 87. Although OLE is currently placed with his father, that does not eliminate the possibility that termination of respondent-mother's parental rights is in OLE's best interests. *In re Olive/Metts Minors*, 297 Mich App at 43.

/s/ Kathleen A. Feeney

---

[1] Respondent-mother's extensive history—not just her recent improvement—also bears careful consideration under the best-interest factors. See *In re Jones*, 286 Mich App at 131. For example, in 2012, respondent-mother's daughter was removed from her care, and the child's father obtained sole legal and physical custody of her. In 2014, respondent-mother's parental rights were terminated to a child born drug-positive. In 2017, respondent-mother's parental rights were again terminated to another child on the basis of substance abuse. Notably, in 2020, OLE was born positive for THC and hydromorphone, and we learned that during these proceedings, respondent-mother gave birth to another child who was also born positive for THC.